STATE v. ROBERT NORWOOD.

*Punishment—Judgment—Imprisonment—Costs.*

1. A Court has no authority to imprison a convict elsewhere than in the county jail, nor can it delegate to the county commissioners, power to change the punishment imposed by the Court to imprisonment in the work house of the county.

2. When the Court sentences a defendant to a term of imprisonment, it cannot also adjudge that he may be confined in the work house of the county, after the term of imprisonment has elapsed, until he pay the costs of the trial. The statute leaves the disposition of persons imprisoned for the non-payment of costs to the discretion of the county commissioners.

(*State* v. *McNeill,* 75 N. C., 15; *State* v. *Jackson,* 82 N. C., 565, cited and approved).

INDICTMENT tried before *Clark, Judge,* and a jury, at July Criminal Term, 1885, of Wake Superior Court.

The prisoner was convicted, and appealed from the judgment as pronounced.

The facts fully appear in the opinion.

*Attorney General,* for the State.
*Mr. J. C. L. Harris,* for the defendant.

MERRIMON, J. The jury found the defendant guilty of an assault with a deadly weapon, and the court gave judgment of which the following is a copy: "And it is now ordered, that Robert Norwood be imprisoned in the common jail of Wake county, for the term of six months, beginning on July 13, 1885— for four (4) months of the said six months imprisonment, he may be confined in any other place as the commissioners of Wake county may direct; and it is further ordered, that he pay the costs herein, and if he fails to pay said costs, when his six months imprisonment expires, it is ordered that he thereafter be confined in the work house of Wake county until the costs are paid."

The Court did not have authority to imprison the defendant, elsewhere than in the county jail, nor did it have authority to

delegate to the commissioners of Wake county, power to change the punishment imposed by the Court, to imprisonment in the work house or elsewhere. The judgment must be that of the Court, and such as the law authorizes.

The statute (The Code, §987) provides that, "In all cases of assault, with or without intent to kill or injure, the person convicted, shall be punished by fine, or imprisonment, or both, at the discretion of the Court," &c. And the statute (The Code, §1174) further provides, that "No person shall be imprisoned by any judge, court, justice of the peace, or other officer, except in the common jail of the county: *Provided,* that whenever the sheriff of any county shall be imprisoned, it may be in the jail of any adjoining county."

Generally, when the statute prescribes the punishment of imprisonment, as in the section above cited, it implies imprisonment in the common jail of the county, and not elsewhere. Such was the general meaning of the term "imprisonment" at the common law, and such it has always been in this State. Indeed, prior to the present Constitution, persons convicted of criminal offences in this State, were not imprisoned in any other place than the common jail, and thus the term came to have the general meaning we attribute to it. Now, other kinds of imprisonment are prescribed by law, but when these are intended, they are specially made applicable to specified classes of offences, or to a particular offence. *State* v. *McNeill,* 75 N. C., 15 ; *State* v. *Jackson,* 82 N. C., 565.

And for the like reason, the Court could not direct that, if the defendant should fail to pay the cost by the end of the term of six months imprisonment, he should next thereafter be confined in the work house until he should pay the same. There is no statute that authorizes such order. The Court could only give judgment for costs, and these the defendant must pay unless he shall be discharged in the way, and as the law allows.

The statute (The Code, §3448) provides that the county commissioners of the several counties may provide under such rules

and regulations as they may deem best, for the employment of " all persons imprisoned in jails of their respective counties, * * * * * upon conviction of any crime or misdemeanor, or who may be committed to jail for failure to enter into bond for keeping the peace, or for good behavior, and who fail to pay costs which they are adjudged to pay, or to give good and sufficient security therefor : * * * * *Provided also,* it shall not be lawful to farm out any such convicted person who may be imprisoned for the nonpayment of a fine, or as punishment imposed for the offence of which he may have been convicted, unless the Court before whom the trial is had, shall in its judgment so authorize."

This does not authorize the Court to designate such employment, or where it shall be performed. That matter is left to the discretion of the county commissioners, under rules and regulations prescribed by them.

So much of the judgment as is erroneous cannot be treated as surplusage, and therefore immaterial, because it might mislead the county commissioners, and besides, but for such orders in the judgment, it may be that the Court would have given a different judgment. The law did not authorize it, and judgment must be such, and such only, as the law authorizes.

The defendant is not entitled to a new trial, but to have such judgment against him as the law allows.

There is error. Let this opinion be certified to the Superior Court according to law.

Error. Reversed.