STATE v. JAMES H. MILLER.

*Excessive fine—Power of Judge discretionary.*

1. When the limit of punishment is not fixed by the Legislature, it is left as a matter of discretion with the presiding Judge. This court cannot control such discretion, nor fix such limits.

2. Where the defendant kept a retail liquor shop, in which he suffered games of cards to be played for money and articles of value; *Held*, that a fine of two thousand dollars and imprisonment for thirty days, and thereafter until the fine and costs were paid, was not excessive punishment.

This was an INDICTMENT, tried before *Clark, Judge*, at January Criminal Term, 1886, of the Superior Court of WAKE county.

The indictment against the defendant consists of five counts, setting out the offence in different forms, to the fourth of which, when arraigned, he pleaded guilty, and a *nol pros.* was entered as to the others. That count is drawn under §1043 of The Code, which is as follows: "If any keeper of an ordinary, or house of entertainment, or of a house wherein liquors are retailed, shall knowingly suffer any game at which money, or property, or any thing of value is bet, whether the same be in stakes or not, to be played in any such house, or on any part of the premises occupied therewith; or shall furnish persons playing or betting with drink, or other thing, for their comfort and subsistence during the time of play, he shall be guilty of a misde-

meanor, and fined not less than ten dollars, and be imprisoned not more than thirty days."

The specific charge in the fourth count is, that the defendant being the keeper of a house wherein spirituous liquors were retailed by measure less than a quart, did knowingly suffer persons to play therein, games of cards, at which money and other things of value were bet.

When the Solicitor prayed judgment, he introduced and examined two witnesses, for the information of the Court, whose testimony was in substance as follows:

The house of the defendant, wherein the criminal act was committed, is situated on Fayetteville street, in the city of Raleigh, and next to the Yarboro House, and the defendant kept a bar and retailed spirituous liquors. In rooms above, at various times, persons were seen playing at games of cards, and betting for money, and chips representing money. The house belonged to him, and the lower story was painted red in front. The witnesses were not examined by the defendant.

Judgment was deferred until Friday, the trial having taken place earlier in the week, when, on being asked what he had to say, before the passing of sentence, the defendant's counsel stated, that he was a person of character and means, and expressed a hope that the Court would not deal severely with him on that account. No expression of an intention to discontinue his illegal business came from him or his counsel. Thereupon, the Court inquired if the house of the defendant, opposite the court house, and in which the witnesses stated gambling was carried on, was his property, as well as the furniture and fixtures belonging to it, and if he had not paid $13,000 for the real estate alone. His counsel answered in the affirmative, adding that there was now a mortgage upon it.

The Court then read a paper, before prepared, and giving the reasons for the severity of the sentence about to be pronounced, and at its conclusion, adjudged that the defendant "be confined in the common jail of Wake county, for the term of thirty days, beginning on January 10th, 1886, and that he pay a fine of

$2,000, and the costs herein, and if he fails to pay said fine and costs as aforesaid, at the expiration of his sentence of thirty days, that he remain in said jail until the same are paid. And it was further ordered, that this judgment be docketed, and that on failure to pay the fine and costs, execution issue thereon.

From this judgment the defendant appeals, and assigns as error, the imposition of an excessive and unreasonable fine, not authorized by law.

*Attorney-General*, for the State.
*Messrs. John Gatling* and *E. C. Smith*, for defendant.

SMITH, C. J., (after stating the facts). We reproduce, as due to the presiding Judge, so much of what he said, as gives his reasons for fixing the fine at the sum mentioned. "It appears," he says, "that the defendant keeps, and has kept for years, a gambling-house in the city of Raleigh. In defiance, and with a profound contempt of the law, he has kept it open, next door to the principal hotel in the capital of the State, and immediately opposite to the United States Court House and Post Office, and under the very shadow of this Court House. That his contempt and defiance of law might be lacking in nothing, he has caused the front of his building to be painted a glaring red, to advertise his business by day, and an electric light is suspended to point the way by night. His illegal traffic has been profitable, for it seems that, in a short time, he has been able to accumulate enough to pay $13,000 for the building, besides the fixtures and his other property.

"In view of the open and notorious defiance of the law displayed by the defendant, and the profit he has made by it, the Court cannot do less for a law-abiding and law-respecting community, than to sentence him to pay a fine of $2,000 and be imprisoned thirty days."

We cite these remarks, not assuming a right to supervise the exercise of that discretion which the law reposes in the Judge

who tries the cause, and who best understands all the surrounding circumstances, but to set forth the consideration of public and official duty, under a sense of which he acted. There is no limit fixed as a maximum, in the statute, to the amount of the fine, and while we do not say, nor is it necessary, that it may not be so enormous and disproportionate to the crime proved by the evidence, indicating a disposition to oppress, rather than subserve the common good, as that this Appellate Court would be called on to interpose for the protection of the convict, against gross injustice and manifest wrong and oppression, and we certainly shall not undertake to assign limits to the exercise of judicial discretion, in anticipation of the possible occurrence of such cases. It is sufficient to say, the discretion reposed in the Judge, under the statute, has not been abused in the present case, and there is no pretext for the revision of its exercise. The remedy may be only sought in impeachment and removal from office, when the conferred power has been oppressively or corruptly exerted, for selfish, and not public ends.

In §1047 of The Code, which punishes the carrying on of lotteries, the fine is limited to a maximum of $2,000, for an offence somewhat similar in its nature, and not exceeding in turpitude and injurious consequences to society, the conduct of the defendant as stated by the Judge, and why, when there has been no such restriction, should the imposition of a fine, authorized for that offence, be treated as excessive and unauthorized in the present, when then there is no such restraint? In our opinion, if the General Assembly had intended to limit the fine, that intention would have been expressed in the one Act, as is done in the other, and the absence of such restriction, shows that it was the purpose to leave this part of the penalty to be administered according to the demerit of the criminal act done and proved. What the Legislature refuses to do, in fixing limits to the pecuniary punishment allowed, this Court will not attempt to do, and still less in declaring a fine of $2,000, admeasured to the defendant according to the Judge's estimate of his guilt, as illegal and unwarranted.

We have passed only on the question of judicial power, but as the appeal vacates the judgment, and the accused must be again sentenced, the alleged error, if it existed, would be corrected by the appeal, and prove harmless. We simply decide upon the possession of judicial power, leaving its exercise where the law places it, in the sound discretion of the Judge upon whom that duty devolves.

There is no error, and this will be certified that the Court may proceed to judgment.

No error. Affirmed.