## THE STATE v. W. H. HICKS.

*Liquor Selling—Punishment —Presumption.*

1. A defendant, convicted of unlawful liquor selling, may be, by virtue of ch. 355, Laws 1887, punished by imprisonment at hard labor on the public roads.

2. Where judgment has been rendered imposing such punishment, *it will* be presumed the county authorities have made the proper provisions for its enforcement.

INDICTMENT, for unlawfully selling spirituous liquors, tried before *Merrimon, J.*, at Spring Term, 1888, of the Superior Court of DURHAM County.

The defendant was indicted for selling spirituous liquors on Sunday. The indictment was in proper form, and there was a verdict of guilty.

Thereupon, " the Solicitor for the State, praying the judgment of the Court on the verdict rendered, it is ordered by the Court that the defendant, W. H. Hicks, be imprisoned at hard labor on the public roads for a term of sixty days, and that he pay a fine of $25 and the costs."

From this judgment the defendant appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

DAVIS, J. (after stating the case.) We have not been favored with an argument for the defendant, and no error is assigned in the record, but it is suggested that the exception ·may be to so much of the judgment as imposes imprisonment "at hard labor on the public roads for a term of sixty ·days."

By ·section 1117 of *The Code,* under which the defendant was indicted and convicted, it is declared that, "if any person shall sell spirituous or malt or other intoxicating liquors on Sunday  *  *  *  *  *  the person so offending shall be guilty of a misdemeanor and punished by fine or imprison-·ment, or both, in the discrotion of the Court."

By chapter 355 of the Acts of 1887, it is, among other things, enacted : "That when any county has made provis-·ion for the working of convicts up·m the public road, or when any number of counties have jointly made provision for working convicts upon the public roads, it shall be lawful and the duty of the Judge holding Court in said counties to sentence to imprisonment at hard labor on the public road, for such terms as are now prescribed by law for their imprisonment in the county jail or in the State prison, the following class of convicts: First, all persons convicted of offences the punishment whereof would otherwise be wholly ·or in part imprisonment in the common jail," &c.     ·

The act further gives to the county authorities power to make all needful rules and regulations for the successful working of convicts upon the public roads.

Under section 1117 of *The Code,* the punishment of the prisoner would be in part imprisonment in the common jail ·(*State* v. *Norwood,* 93 N. C., 578), and therefore, if the county ·of Durham has made provision for " working convicts upon

the public roads," the Court had the right to impose the
sentence set out in the record

If it be said the record must show that the county of Dur-
had taken advantage of the Act of 1887, ch. 355, and that
this does not appear in the record, the answer is, the statute
makes it the " duty of the Judge holding Court in any county
where provision is made for working convicts upon the pub-
lic road, to sentence the class of convicts named " to imprison-
ment at hard labor on the public road." He holds Court
in the county and must get information from the county
record or the county authorities, upon which he acts, in-
imposing the sentence, and while, perhaps, it would be well
that the judgment should state that the county had made
provision for working convicts on the public road, we must
assume, in the absence of any suggestion or intimation to
the contrary, that it was imposed in accordance with his
duty and the authority conferred by chapter 355, Acts of
1887.                                                         Affirmed.