THE STATE v. CHARLES CONNER et al.

*Oysters—Statute—Residence—Master and Servant.*

The defendants were indicted for unlawfully taking oysters in violation
of sections 3376 and 3379 of *The Code.* It was proved that they
were, at the time of the commission of the acts charged, residents
of the State of Virginia, but were in the employment of one W.,
who was a resident of North Carolina: *Held,* that the defendants
were not guilty if they, in good faith, were acting as the servants
of W. in the commission of the alleged unlawful acts.

Indictment tried before *Whitaker, J.,* at Spring Term,
1890, of the Superior Court of Hyde County.

The indictment charges that the defendants "in Hyde
County unlawfully and wilfully did use tongs or drags for
the purpose of taking oysters from the navigable waters of
North Carolina. * * * Not then and there having
resided in the State of North Carolina for twelve months
next preceding the day on which they began to use said
tongs and drags as aforesaid, contrary to the statute," etc.

Luther Swindell, a witness for the State, testified that in
February, 1890, he saw the defendants catching oysters with
tongs in Pamlico Sound, and that they told him their
homes were in Virginia. They also told him that they were
working for H. M Warburton.

It was in evidence, on behalf of the defendants, that they
were in the employ of H. M. Warburton—that they were
"oystering" for him, used his tongs and lived in his house.
It was also in evidence that H. M. Warburton was a resident
of Hyde County and had been since August, 1888, and paid
tax there in 1889.

The defendants requested the Court to instruct the jury
"That if, from the evidence, the jury should find, as a fact,
that the defendants oystered with tongs in Pamlico Sound,

being servants or employees of H. M. Warburton, a resident of the State, that they should return a verdict of not guilty."

The Court refused to so charge, and "instructed the jury that if they believed, from the evidence, that these defendants were residents of the State of Virginia, and being such, did catch oysters with tongs in Pamlico Sound, even though the defendants were acting as the servants of H. M. Warburton, a resident of the State, that then they would be guilty, and they should so find."

The defendants excepted. There was a verdict of guilty. Judgment, and appeal.

*The Attorney General*, for the State.
No counsel for defendants.

DAVIS, J.—after stating the facts: The State has the right to impose such limitations and restrictions upon the mode and manner of taking fish, oysters, terrapins, etc., in the navigable waters of the State as it may deem wise and just and conducive to the public good. Chapter 43 of *The Code* contains a great many enactments relating to the subject. These laws have been enacted at different times, and though codified and reduced to a single chapter in *The Code*, that chapter is a very long one, and some of its sections, when construed with reference to others, do not seem very clear.

Section 3376 declares: "This chapter shall not be construed so as to allow any person who is not a citizen of the State to use drag-nets or other instruments in any of the waters of the State for the purpose of catching terrapins or oysters, and all persons not citizens of the State who violate this provision are made guilty of a misdemeanor and subjected to a penalty of $100.

Section 3389 declares "That every person ＊ ＊ ＊ who shall commit any of the offences in this chapter created shall be guilty of a misdemeanor."

Section 3379, which is a very long one, enacts, among other things, that " no person shall use, or cause to be used, in any of the navigable waters of the State * * * any tongs or drags for the purpose of taking oysters, unless he shall have resided continuously in the State at least twelve months next preceding the day on which he shall begin to take fish or oysters: * * * *Provided further*, this section shall not extend to servants employed to fish by any person allowed to fish in the navigable waters of the State."

Then follows a long provision enacted in 1883, designed to prevent the fraudulent use of any apparatus for taking fish or oysters by non-residents, "under the name and ownership" of a citizen.

It was for the alleged violation of this section that the defendants were indicted. If they were the servants and employees of Warburton, *bona fide* using his " tongs or drags " to take oysters for him, were they guilty? If it was not unlawful for Warburton to take oysters, might he not take them *per alium?* Would not his servants and employees, when taking oysters for him, be guiltless of a violation of the law, though non-residents?

Of course, any evasion of the law is a violation of the law, and if the defendants were not the *bona fide* servants or employees of Warburton, who was a resident, they would be guilty; but this view of the case was not presented, and even if the State had the power to enact such a law, there *is no enactment* that would make the defendants guilty if they were in the *bona fide* service of one having the right to take oysters in the navigable waters of the State.

We think there was error in refusing the instructions asked and in the instructions given.

Error.