STATE v. JACOB STEVENS.

*Retailing Liquor Without License—City Ordinance—State Law—Fine—Penalty.*

1. Where, by section 36 of ch. 111, Acts of 1883, the Legislature empowered the city of Asheville to levy and collect upon every license to retail spirituous or malt liquors a tax not exceeding $500, and by section 19 of said act authorized the Board of Aldermen of said city "to regulate and restrain tippling-houses": *Held,* that the city had authority to impose such license tax and to pass all needful ordinances to carry into effect the intent and meaning of the act of the Legislature and to impose a fine or penalty for the violation of the same.

2. Although the act of selling liquor without license in violation of the revenue laws of the State and of its police regulations, and also of the ordinance of a city, is *one* act, the offences are different, for which the offender must answer in the proper jurisdictions; therefore an ordinance of a city imposing a fine or penalty for selling liquor without license does not conflict with the general laws of the State prohibiting the sale of liquor without license, and is therefore valid.

3. Such ordinance being valid, and the violation of it being made by statute a misdemeanor of which a Mayor has jurisdiction, a prosecution under it does not conflict with any criminal action pending or that may be instituted against the defendant on account of the alleged selling as an act in violation of the general State law.

4. The words "fine" and "penalty" being used interchangeably, an objection to an ordinance that it provides a "fine" instead of a "penalty" for its violation, is without force.

AVERY, J. dissents.

CRIMINAL ACTION, tried on appeal from a judgment of the Mayor's Court of Asheville, before *Thomas A. Jones,* Judge of the Criminal Court of BUNCOMBE County, at January Term, 1894.

The defendant was charged with selling liquor in the city of Asheville without having obtained a license therefor, in violation of ordinance No. 649 (adopted in the year 1887), which is as follows:

"If any person or persons shall retail spirituous, vinous or malt liquors, or any preparation containing alcohol, in the city of Asheville without license, he shall on conviction be fined fifty dollars, and if such retailing be without State license such person or persons shall be bound over to the Superior Court of Buncombe County."

On the trial it was admitted that an indictment against the defendant for the offence of retailing liquor in violation of the general statute, section 1076 of *The Code,* was pending in the Criminal Court of Buncombe County.

It was also admitted that the Board of Aldermen of Asheville, at their meeting in May, 1893, adopted the following ordinance, to-wit:

"By virtue of the power conferred by sections 35 and 36 of an act of the General Assembly of North Carolina entitled 'An act to amend the charter of the city of Asheville,' ratified the 8th day of March, 1893, for the purpose therein

mentioned, and by virtue of the subsequent acts of said Legislature amendatory thereof, especially ch. 223 of the Acts of 1889, the Board of Aldermen of the city of Asheville do hereby impose and levy the following general, special and privilege taxes upon the subjects, etc., hereinafter mentioned, etc.    *    *    *    *    *    *    *

"14. Upon every license to retail spirituous or malt liquors at each place of business, to be paid semi-annually in advance, $1,000."

The defendant moved to quash the warrant upon the following grounds:

"1. The Mayor has no jurisdiction, in that the offence of retailing liquors without a license is prohibited by the general laws of the State.

"2. The ordinance is void, in that the Board of Aldermen of the city of Asheville had no authority to pass such ordinance.

"3. The Mayor had no jurisdiction, in that the offence is not cognizable before a Justice of the Peace."

The motion to quash was sustained on the second ground above set forth, and the State appealed.

*The Attorney General* and *Mr. Louis M. Bourne*, for the State.

*Mr. J. H. Merrimon*, for the defendant.

BURWELL, J.: By section 36 of chapter 111 of the Laws of 1883 the aldermen of the city of Asheville were empowered to levy and collect "upon every license to retail spirituous or malt liquors a tax not exceeding five hundred dollars." This provision, if it stood alone, would seem to indicate the intent to confer upon the municipal authorities the power to issue licenses to those whom they saw fit to allow to carry on this business, and to impose a tax not

exceeding the sum named for the privilege of so doing. If these words are read in connection with section 19 of the said act, wherein the Board of Aldermen are authorized "to regulate and restrain tippling-houses," it becomes manifest, we think, that they had authority to impose a license tax on the business of retailing liquor, if carried on within the corporate limits of the city of Asheville.

Having this authority to impose a license tax on this business and also to pass all laws and ordinances necessary to carry the intent and meaning of that act into effect, it must follow that the municipality was invested with power to enforce the payment of this license tax (*The Code*, §3804). Taxes laid on property can be collected by seizing and selling the property taxed, but, inasmuch as license taxes are very often not collectible by seizure of the effects of the licensee, revenue laws provide for the enforcement of the payment of such taxes by the imposition of fines or penalties upon those who violate their provisions by carrying on the taxed trade or business without having paid the privilege tax and obtained the required license. The revenue laws, both of this State and the United States, contain such provisions. Indeed, without them such laws would be almost nugatory. The same act, as, for instance, the selling of a pint of whiskey, may be a violation of both the State and Federal laws, and may be punished in each jurisdiction; and this will imply no encroachment of one authority into the province of the other. This is well settled. And so, the selling of a pint of spirits in the city of Asheville may be a violation of the revenue law of the State and of its police regulations (*The Code*, §1076), and also of the ordinance of the city adopted to secure the collection of its revenue. While the act is one the offences are different, and the offender must answer for each offence in the proper jurisdiction. In the one prosecution he

would be charged with selling the spirituous liquor without having first obtained the license required by the State law; while in the other prosecution he would be charged with selling the spirits without having first obtained the license required by the city ordinance. The latter charge constitutes a distinct offence, and is not punishable except under the provision of the ordinance and section 3820 of *The Code*.

Authorities need not be cited to show that if an ordinance of a city provides for the punishment by penalty of an act which is prohibited and punished by State law the ordinance is invalid and void. That well-established principle has no application here. An assault is punishable by the general law of the State. That act in inself, whenever and however done, is a violation of the law of the State. Municipal councils are not permitted to legislate on that subject, for the State has assumed control of it. The act of selling a pint of spirituous liquor is not necessarily criminal or contrary to law. But that act, if done on Sunday to an unmarried minor, by one who has no license to sell such liquor either from the Federal, State or city authorities, becomes an ingredient of five or six different charges against the perpetrator that may be presented against him in different jurisdictions. A single act may be an offence against two statutes, and if each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. *Arrington* v. *Commissioners*, 12 S. E. Rep., 224. In *Ruble* v. *State*, 51 Ark., 170, cited in the case above referred to, it is said of an act of selling liquor to a minor by one who had no license that the seller was guilty of two separate and distinct offences, and might be indicted for each of them. This seems to be well settled. Black on Intoxicating Liquors, section 555.

The offence charged against this defendant, to-wit, that he sold spirituous liquors in the city of Asheville without having paid the tax levied on that business and without having obtained from the *city* a license so to do, is, as we have said, a distinct and separate offence from that for which it seems he is indicted in the Criminal Court of Buncombe County; and this prosecution by the city for a violation of its ordinances can in nowise conflict with any criminal action that has been or may be instituted against the defendant on account of the alleged selling as an act violative of the general State law.

Our attention has been called to the provision of section 33 .of ch. 294 of the Laws of 1893 (Revenue Act), where it is enacted in regard to the licensing of dealers in liquors by the County Commissioners that "the license authorized within an incorporated town or city under this section shall first be granted by the authorities of such town or city." The effect of this proviso is merely to require the licensing of an applicant by the city or town authorities as a condition precedent to the granting of a license by the County Commissioners, and to declare that a license issued to one who has not complied therewith shall be void. *Hillsboro* v. *Smith*, 110 N. C., 417.

We conclude, therefore, that no one of the three reasons assigned for quashing the warrant was valid. The Board of Aldermen of the city of Asheville had authority to adopt such an ordinance, plainly conferred by the acts above referred to. The ordinance in nowise conflicts with any of the general laws of the State, and is reasonable. It being a valid ordinance, the violation of it is made by statute a misdemeanor of which the Mayor had jurisdiction.

The objection to the ordinance that it provides that one who violates it shall be *fined* instead of imposing a penalty

is without force. In *State* v. *Cainan*, 94 N. C., 880, an ordinance of the city of Raleigh that imposed a *fine* was declared valid, and in *State* v. *Cainan*, 94 N. C., 883, the words penalty and fine are used interchangeably. To the same effect is *State* v. *Earnhardt*, 107 N. C., 789. It was conceded in the argument before us that the amendment to the warrant should have been allowed, and the exception to the allowing of the amendment was abandoned. There is                                        Error.