STATE v. J. A. REID.

*Indictment for Retailing Liquor without License—City Ordinance—State Law.*

A prosecution for selling liquor without license, contrary to a city ordinance, is no bar to a prosecution by the State for the same act of selling without obtaining State license.

Indictment, tried at May Term, 1894, of Forsyth Superior

Court, before *Whitaker, J.,* and a jury. The defendant was indicted for selling liquor without a license.

The jury found the following special verdict:

" That the defendant is being tried on a bill of indictment, found at May Term, 1894, of Forsyth Superior Court, said bill being found by the grand jury; that the defendant sold whiskey, as set forth in the indictment, without having obtained license from the City of Winston or the county; that for the same act of selling whiskey, the defendant was tried before the Mayor of Winston and fined $50, and appealed to the Superior Court, where the appeal is now pending."

The charter of the City of Winston, and the ordinance prohibiting the sale of liquor without license, as well as the warrant and judgment of the Mayor of Winston, were put in evidence. On these facts, his Honor adjudged the defendant not guilty, and the State appealed.

*The Attorney General,* for the State.
*Messrs. Glenn & Manly,* for the defendant (appellant).

BURWELL, J.: The defendant was tried upon an indictment found against him for retailing spirituous liquors without a license so to do. The special verdict finds that he sold the liquor as charged, and that he had no license, either from the county or from the City of Winston. Upon the facts found, he should have been adjudged guilty, for the fact that he had been prosecuted before the Mayor of the City of Winston for a violation of its ordinance, adopted pursuant to authority given to that municipality by section 53 of the Private Laws of 1891, and forbidding the selling of spirituous liquors within that city, without having first obtained a license from the city, was no bar to this criminal action. The offence charged against the defendant here, and of which the special verdict convicts him, is distinct from that with which he was charged before the Mayor. *State* v. *Stevens,* 114 N. C., 873.                    Reversed.