STATE v. JOHN H. SNOW.

*Indictment for Selling Intoxicating Liquors—Local Prohibitory Acts—Reference to Statute—Jurisdiction.*

1. It is not necessary that an indictment for violating the provisions of a local prohibitory act should refer to the statute as that is a matter of law, not of fact; and if an act charged in an indictment is, in fact, a violation of any statute, a reference to a wrong act is immaterial and mere surplusage.

2. The jurisdiction of the Superior Court to try an indictment charging the violation of Acts 1893, c. 298, § 2, which forbids the sale of spirituous liquors within two miles of Oak Grove Church, is not affected by the fact that such indictment further avers the offence to have been a violation of another local act, the penalty for which was within the jurisdiction of a justice of the peace.

INDICTMENT for selling spirituous liquors within the corporate limits of Mount Airy, an incorporated town in Surry county, tried before *Brown, J.,* and a jury, at fall Term, 1895, of SURRY Superior Court. By consent the jury returned a special verdict as follows :

"Oak Grove Church is situated one mile beyond corporate limits of Mount Airy. The Male Academy is in Mount Airy. The defendant operates a distillery for spirituous liquors within the corporate limits of Mount Airy, and within two miles of Oak Grove Church and the said Academy. The defendant distilled, and sold, at his distillery, one quart of brandy to J. R. Hunley, for cash, within two months before the finding of this bill. Under Acts 1895, Private Laws, chap. 107 (made a part of this finding), an election was held in said town and 'No License' received a large majority. Following Acts made part of this finding : Acts 1893, chap. 298, sec. 2; 1881, chap. 98; 1895, chap. 159, sec. 7; Private Laws 1887, chap. 62."

Upon this finding the court adjudged defendant guilty, and directed the jury to so find. Verdict of guilty rendered and defendant appealed.

*The Attorney General,* for the State.
Messrs. *J. N. Staples, J. E. Boyd* and *Glenn & Manly,* for the defendant (appellant).

CLARK, J.: The principal points relied upon in this case are passed upon in *State* v. *Snow, ante.* The defendant, however, makes the additional objection that by Chapter 98, Acts 1881, the sale of spirituous liquors was prohibited within three miles of the Male Academy in Mount Airy under a penalty within the jurisdiction of a justice and, this proceeding having been begun within twelve months after the offence, the Superior Court had no jurisdiction and further, that the indictment was defective in not charging the sale to have been "within three miles of the Male Academy in Mount Airy." It is not necessary that an indictment for violating the provisions of a local prohibitory act should refer to the statute, as that is a matter of law, not of fact. *State* v. *Wallace,* 94 N. C., 827, cited and approved in *State* v. *Downs,* 116 N. C., 1064. For the same reason if the indictment should refer to the wrong act it is immaterial and mere surplusage, when the act charged is in fact a violation of any statute. The averment as to the statute is not a matter to be proven. The indictment here alleges a sale of a quart of brandy "within the corporate limits of the town of Mount Airy in Surry county, said territory of Mount Airy being a prohibited territory and the sale of spirituous liquor therein forbidden by Act of the General Assembly of North Carolina." The special verdict finds that the sale as aforesaid was made within the corporate limits

of Mount Airy and within two miles of Oak Grove Church. Sale of spirituous liquor within two miles of said church is prohibited by Act 1893, Ch. 298, Sec. 2, under penalty of fine and imprisonment in the discretion of the court. Upon the facts charged in the indictment and found by the verdict, the defendant had violated the latter act and the Superior Court had jurisdiction. It was mere surplusage that the indictment further averred the offence to have been a violation of Chapter 98, Acts 1881, as that was a matter of law and not issuable. It is sufficient if acts are alleged and proven which constitute a violation of the statute, though another statute may be referred to in the indictment. The defendant cannot be prejudiced thereby as the needless averment of the statute is not a matter of proof and knowledge of the law is conclusively presumed. Upon the facts found in the special verdict the defendant has violated equally the local prohibitory Act of 1881, Ch. 298, and that of 1893, Ch. 298, and the jurisdiction of the Superior Court attaches by virtue of the latter.

No Error.