### STATE v. PAGE SMITH.

(Decided April 10, 1900.)

*Retailing Spirituous Liquors Without License—Violation of Dispensary Act of Madison.*

1. A party who violates the general law against retailing spirituous liquors without a license (The Code, sec. 1076), and also the Dispensary Act for the town of Madison (Laws of 1899, chap. 268), is indictable under either act.

2. The special act establishing the dispensary did not repeal the general law, as to which it had no other effect than to prohibit the County Commissioners from issuing license to retail spirituous liquors in said town, and to make such license, if issued, invalid, and no protection to anyone selling under it.

3. A sentence to work the public roads is valid.

INDICTMENT for retailing spirituous liquors without license, tried before *Shaw, J.,* at October Term, 1899, of the Superior Court of ROCKINGHAM County. The defendant was bound over to court for violating the dispensary act of the town of Madison, but he was indicted under the general act for retailing without license, and was convicted. He excepted because he was indicted under the general law. He was sentenced to eight months imprisonment, to be worked on the public roads. From which judgment he appealed to Supreme Court.

*Mr. Attorney-General,* for the State.
*Mr. C. O. McMichael,* for defendant appellant.

CLARK, J. The sale of spirituous liquor by the small measure without a license, in the town of Madison is a misdemeanor, punishable at the discretion of the Court, as it is everywhere else in this State. The Code, sec. 1076. By

67——126

chap. 268, Laws 1899, a dispensary was established in that town, and retailing by individuals prohibited under a penalty of "not less than $50, or not less than three months work on the county roads, or both." The defendant was bound over to court for violating the dispensary act in selling spirituous liquor, but the grand jury indicted him under the general act for retailing without license, as rested with them. The defendant appeals because he was indicted under the general act, and this is his only exception. It is true that upon conviction under such indictment the minimum punishment may be less than if he had been indicted under the dispensary act, but we do not see how the defendant can complain of that, and as his Honor fixed the punishment at eight months upon the county roads, the punishment is valid under either statute. *State v. Snow,* 117 N. C., 778. Probably the defendant thought that if indicted under the act creating the dispensary in Madison he could test its validity, but the power of the Legislature to pass such acts has been sustained in *Guy v. Commissioners,* 122 N. C., 471 (Cumberland County dispensary); *Bennett v. Commissioners,* 125 N. C., 468 (Bryson City); *Garsed v. Commissioners* (Greensboro), at this term, and is sufficiently settled.

The special act establishing a dispensary in the town of Madison did not repeal the general statute as to which it had no other effect than to prohibit the County Commissioners from issuing license to retail spirituous liquors in said town, and to make such license if issued invalid and no protection to anyone selling under it. *Hillsboro v. Smith,* 110 N. C., 417. It is expressly held as to "local option" that the defendant can be indicted for violating such statute, and The Code, sec. 1076, by separate counts in the same bill, or in separate bills, for the acts are supplementary, not conflicting. *State v. Smiley,* 101 N. C., 709, which involves the same principle

as is presented by this case. Indeed, it is held that the same act of selling liquor may be a violation of the United States statute, of The Code, sec. 1076, and of a town ordinance, when the town is authorized to require a town license (*State v. Stevens,* 114 N. C., 873), and of course it may be a violation of the dispensary act when that has been adopted for a town in lieu of the town "high license" system, as in *State v. Stevens,* which decision has been approved. *State v. Reid,* 115 N. C., 741; *State v. Robinson,* 116 N. C., 1046; *State v. Downs, Id.,* 1064. The sentence to work upon the public roads is valid. Laws 1899, chap. 581, secs. 8 and 9; *State v. Weathers,* 98 N. C., 685; *State v. Haynie,* 118 N. C., 1270; *State v. Hicks,* 101 N. C., 747; *State v. Hamby,* at this term.

No error.