STATE v. YOUNG.

(Filed March 21, 1905.)

*Jurors—Qualifications—Freeholders—Sentence—Validity of Punishment.*

1. An exception that the verdict is contrary to the weight of the evidence is a matter for the trial judge, and is not reviewable.

2. A talis juror who held a license under sec. 3390-3392 of The Code, Laws 1893, ch. 287, sec. 2, to lay off an oyster and clam bed in the waters of the State, was properly rejected, as not being a freeholder.

3. A sentence of a defendant convicted of a misdemeanor to 30 days' imprisonment and that he be assigned to the commissioners to be "worked on the public roads of the county," during said term is valid under Laws 1887, chap. 355, and Article XI., section 1, of the Constitution.

INDICTMENT against Paul W. Young, heard by *Judge Fred Moore* and a jury, at the September Term, 1904 of the Superior Court of NEW HANOVER County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Herbert McClammy* for the defendant.

CLARK, C. J. The defendant convicted of assault and battery, assigns as error:

(1) That the verdict was contrary to the weight of the evidence. This was a matter for the judge below and is not reviewable. *McCord v. Railroad,* 134 N. C., 59; *State v. Kiger,* 115 N. C., 751.

(2) That the State was improperly permitted to challenge one E. H. Freeman, talis juror, upon the ground that he was not a freeholder. The clerk of the Superior Court had issued to him a license under The Code, 3390-3392, Laws

1893, ch. 287, sec. 2, to lay off an oyster and clam bed in the waters of the State. This was not an interest in land, but only a license to cultivate oysters within certain limits and upon prescribed conditions. *State v. Spencer,* 114 N. C., 777. The land being covered by navigable water is not subject to grant under the general law of the State. Code, section 2751. The above cited statutes style such authority issued by the clerk merely "a license" and the policy of the State in reference to the oyster privileges may be changed at pleasure. *Rea v. Hampton,* 101 N. C., 51; *State v. Conner,* 107 N. C., 931; *Hess v. Muir,* 65 Md., 586; *McCready v. Va.,* 94 U. S., 391. Freeman possessed only a license, not an interest in land, and, not being a freeholder, was properly rejected as a talis juror. Code, sec. 1733.

(3) The third and last exception is that the judge, having sentenced the defendant to 30 days' imprisonment in the county jail, directed that he be "assigned to the commissioners of the county to be worked on the public roads of said county according to law during the term of his imprisonment." This is in pursuance of the terms of the statute, Laws 1887, chapter 355, section 1, which authorizes the court to sentence direct "to imprisonment and hard labor on the public roads for such terms as are now prescribed by law for their punishment in the county jails * * * all persons convicted of offences, the punishment whereof would otherwise be wholly or in part imprisonment in the county jail." Prior thereto, section 3448 of The Code conferred on the county commissioners of each county the power to provide rules and regulations for the working upon the public road of any person sentenced to jail "upon conviction of any crime or misdemeanor." In *State v. Norwood,* 93 N. C., 578, and *State v. Johnson,* 94 N. C., 863, the court having held that the statute gave the discretion to the county commissioners to work upon the public roads, and that the judge had no power to direct the defendant to be so worked, the

next General Assembly, 1887, chapter 355, gave the judge the authority to make such order, thus declaring the public policy of the State. Soon thereafter in *State v. Weathers,* 98 N. C., 685, upon conviction for an affray and mutual assault, the court pronounced judgment that "the convicted defendants be put to work on the public roads by the county commissioners," and the judgment was affirmed. This court said, speaking through *Smith, C. J.,* at p. 688: "The form of the sentence is fully warranted in the recent act regulating the working of convicts on the public roads, (Acts 1887, ch. 355), which directly warrants the judgments, and places convicts sentenced to imprisonment and hard labor on the public roads under the control of the county authorities, investing them with power 'to enact all useful rules and regulations for the successful working of all convicts upon said public roads." Thus section 3448 of The Code, and the Act of 1887 were declared constitutional.

To the same effect is *State v. Pearson,* 100 N. C., 414, which was an indictment for an affray. In *State v. Hicks,* 101 N. C., 747, this court held that "a defendant convicted of unlawful liquor selling may be, by virtue of chapter 355, Acts 1887, punished by imprisonment at hard labor on the public roads."

This court declared in *Myers v. Stafford,* 114 N. C., 234, that bastardy having become a "petty misdemeanor," a defendant convicted of that offense "may under the authority of section 3448 be put to work on the public road until the fine and costs are paid."

*State v. Haynie,* 118 N. C., 1265, was an indictment for an assault with a deadly weapon. This court again said at p. 1270 "the permission to work the defendant on the public roads was authorized by the Act of 1887, chapter 355," citing *State v. Hicks* and *State v. Weathers, supra.*

To the same effect is *State v. Yandle,* 119 N. C., 874, which was a conviction for an assault and battery with a

deadly weapon, and this court held that one legally convicted of any crime or misdemeanor may be, under the authority of section 3448, sentenced to work upon the public roads. This was cited and approved. *Herring v. Dixon,* 122 N. C., at p. 425.

And again in *State v. Smith,* 126 N. C., 1057, a sentence to work the public roads on conviction of retailing spirituous liquors without license was declared valid. See also *State v. Hamby, Ibid.,* 1066 at p. 1069. In the latter case the defendant was convicted of carrying a concealed weapon and this court declared that "the legality of working persons on the public roads has been often held."

The Constitution, Article XI., section 1, specifies among the punishments authorized "imprisonment with or without hard labor," and adds "the foregoing provision for imprisonment with hard labor shall be construed to authorize the employment of such convict labor on public works or highways and other labor for public benefit." Under this authority for many years by repeated legislative enactments (beginning indeed in 1866, prior to the Constitution) to be found referred to in the headlines in section 3448 of The Code, and by the uniform and repeated decisions of this court "work upon the public roads" has been enacted and sustained.

This public policy was probably based upon the three fold consideration that prisoners would be healthier working in the open air than when confined in filthy and often over crowded jails; that the tax payers should not be burdened with sustaining them in idleness when they could earn their keep in some useful work for the public benefit; and that the fear of being seen by neighbors on the public roads might have a more deterrent effect than being hidden from sight and public observation behind the walls of a jail.

The argument was pressed on us that a justice of the peace might improperly exercise such power, but the defend-

ant has protection by the right of appeal to the Superior Court in all cases. It was also argued to us that the regulations under which prisoners worked on the road may be abused and be oppressive. But the officers are responsible for such misconduct both civilly and criminally, and abuse is more liable to occur when prisoners are immured in jail than when working under the public eye. In both cases the humanity of the law requires that the regulations must be reasonable. The General Assembly under the authority of the Constitution having adopted work on the public road as a part of the punishment for misdemeanors and crimes, the courts have no power to declare such sentence void.

No Error.