STATE v. FARRINGTON.

(Filed May 16, 1906).

*Intoxicating Liquors—Illegal Sale, Punishment Therefor— Cruel and Unusual Punishment—Sentence—Reasons.*

1. For violation of a statute prohibiting the sale of spirituous liquors without a license, the person convicted may be imprisoned in the county jail with directions that he be worked upon the public roads.

2. When no time is fixed by the statute, this court will not hold an imprisonment for two years cruel and unusual.

3. It is proper for the trial judge to state the reasons which impelled him to impose the sentence.

INDICTMENT against T. B. Farrington, heard by *Judge G. W. Ward* and a jury, at the December Term, 1905, of the Superior Court of GUILFORD.

The defendant was convicted for retailing spirituous liquors without license contrary to the statute. There was no exception to His Honor's ruling upon the trial. The testimony tended to show that he had sold liquor upon two occasions, the last of which was 18 months before the finding of the bill of indictment. The solicitor introduced several other witnesses who swore that his reputation in the community was particularly bad, for selling whiskey contrary to law. Some of the witnesses stated that it was generally reported that he had been engaged in the selling of whiskey for twelve

or fifteen months before the hearing of this case, when he and his sons had been indicted for burning a barn, the property of persons who had been active in prosecuting him for the unlawful sale of whiskey. The court found as a fact that he was an old distiller before the Watts law went into effect, and that after the enactment of the law he sold a lot of liquor around, creating drunkenness in the neighborhood. The court thereupon sentenced the defendant to imprisonment of twelve months in the county jail, with direction that he be worked upon the public roads. To this sentence defendant excepted and appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*John A. Barringer* for the defendant.

CONNOR, J., after stating the facts: It cannot, at 'this time, and in view of the many decisions of this court, be regarded as an open question that for violation of the statute prohibiting the sale of spirituous liquor without a license the person convicted may be imprisoned in the county jail with direction that he be worked upon the public roads. *State v. Hicks,* 101 N. C., 747; *State v. Smith,* 126 N. C., 1057. It is equally well settled that when no time is fixed by the statute, this court will not hold an imprisonment for two years cruel and unusual. *State v. Driver,* 78 N. C., 423; *State v. Miller,* 94 N. C., 904. It is entirely proper for His Honor to state the reasons which impelled him to impose the sentence of twelve months in jail with direction to work defendant on the public roads. While we disclaim any purpose to review His Honor's judgment in this case, it may not be improper to say that we think the reasons given amply sustain the judgment.

There is

No Error.