STATE v. A. S. BLAKE.

(Filed 6 December, 1911.)

1. **Statute—Police Powers—Local Application—Constitutional Law.**
   Public-local acts, passed by the Legislature in the exercise of police power, which apply only to police regulation, are valid.

2. **Same—Game Laws—Quail—Closed Season—Bird Dogs at Large.**
   A statute enacted to protect the game birds of a certain county is a valid exercise of the police powers of the State, within the discretion of the Legislature, and hence there is no constitutional objection to an act which makes it "unlawful for any one to permit his or her setter or pointer dog to run at large during the closed season for quail," applying to a designated county alone.

3. **Constitutional Law—Government—Co-ordinate Branches—Powers —Legislature.**
   Under the State's Constitution the executive and judicial departments are grants of power, but the Legislature exercises all power which is not forbidden by the Constitution.

4. **Constitutional Law—Statutes—Game Laws—Closed Season—Dogs at Large—Cruel and Unusual Punishments.**

A statute which makes it unlawful for the owners of bird dogs to permit them to run at large during the closed season for quail in a certain county, making the offense punishable by fine or imprisonment, is not objectionable on the ground that our Constitution forbids "cruel and unusual punishment."

5. **Constitutional Law—Statutes—Punishment—Legislative Discretion—Judiciary—Excessive Punishment.**

Section 14, Article I of our State Constitution restricts the judiciary from imposing excessive punishments where the Legislature has not prescribed a fixed maximum, and does not apply to the legislative power to impose the penalty for acts made an offense by them.

6. **Statutes—Alternate Punishments—Discretion of Courts—Leniency—Appeal and Error.**

When a statute makes certain acts an offense and punishable by "fine and imprisonment," the trial judge may impose either punishment or both; but if it were otherwise, a defendant has no ground for appeal that both sentences were not imposed on him.

APPEAL by defendant from *Long, J.,* at October Term, 1911, of HENDERSON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones for the State.*
*Bartlett & Shipp for defendant.*

CLARK, C. J.   Chapter 184, Public-Local Laws 1911, makes it "unlawful for any one to permit his or her setter or pointer dog to run at large during the closed season for quail" in Henderson County.

This statute was enacted to protect game birds and is a valid exercise of the police power of the State. *Lawton v. Steel,* 152 U. S., 153; *Greer v. Conn,* 161 U. S., 591; *S. v. Gallop,* 126 N. C., 979; *Daniels v. Homer,* 139 N. C., 222.

Public-local acts, passed in the exercise of the police power, which apply only to certain localities, are valid. Such legislation has always been held to be within the powers of the Legislature both as to criminal and civil matters: as to local liquor

157—39

prohibition, *S. v. Barringer,* 110 N. C., 525; Fence laws, *S. v. Snow,* 117 N. C., 774; Restricting sale of seed cotton, *S. v. Moore,* 104 N. C., 714 (where the subject is fully discussed); Cattle running at large, *Broadfoot v. Fayetteville,* 121 N. C., 418; Method of electing municipal commissioners, *Harriss v. Wright,* 121 N. C., 172; Method of electing county commissioners, *Lyon v. Commissioners,* 120 N. C., 237; Public schools, *McCormac v. Commissioners,* 90 N. C., 441; Dispensaries, *Guy v. Commissioners,* 122 N. C., 471; Working public roads, *Tate v. Commissioners,* 122 N. C., 812; and other matters, *Intendant v. Sorrell,* 46 N. C., 49; Double damages for willfully cutting timber in certain counties, *Lumber Co. v. Hayes, ante,* 333, and many other cases cited, *S. v. Sharp,* 125 N. C., 633; *Brooks v. Tripp,* 135 N. C., 159.

In *S. v. Moore,* 104 N. C., 719, the Court, speaking of laws that apply only to particular localities or particular classes, quotes Cooley Constitutional Limitations (7 Ed.), 556, as follows: "If the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply and that they are public in their character, and of their propriety and policy the Legislature must judge."

Judge Cooley further says, Cons. Lim. (7 Ed.), 555: "The authority that legislates for the State at large must determine whether particular rules shall extend to the whole State and all its citizens, or, on the other hand, to a subdivision of the State, or a single class of its citizens only. The circumstances of a particular locality, or the prevailing public sentiment in that section of the State, may require or make acceptable different police regulations from those demanded in another."

As is concisely said in Black Const. Law, sec. 136: "The rightful power of the Legislature of a State extends to every subject of legislation, unless in the particular instance its exercise is forbidden expressly, or by necessary implication, by the Constitution of the United States and laws passed in pursuance thereof or by the Constitution of the State." It is further pointed out that under the Constitution of a State the executive and judicial departments are agents of power, whereas the Legislature exercises all power which is not forbidden.

The contention that this statute is obnoxious to the eighth amendment to the Federal Constitution, which forbids "cruel and unusual punishment," cannot be sustained, for it is well settled that the first ten amendments are restrictions upon the Federal Government only. *Pervear v. Com.,* 72 U. S., 475; *McDonald v. Com.,* 173 Mass., 322; *S. v. Patterson,* 134 N. C., 617, and cases there cited. In *Weems v. United States,* 217 U. S., 349, there is an interesting historical review of the origin and adoption of the eighth amendment.

Neither is this statute in violation of the similar provision in section 14, Art. I of our State Constitution. That section is a restriction upon the judiciary to impose excessive punishment where the Legislature has not prescribed a fixed maximum, but is not a restriction upon the legislative power. As *Mr. Justice Gaston* well says in *S. v. Manuel,* 20 N. C., 162: "When the Legislature, acting upon their oaths, declare the amount of bail to be required or specify the fines to be imposed, or prescribe the punishments to be inflicted in case of crime as the reasonableness or excess, the justice or cruelty, of these are necessarily questions of discretion, it is not easy to see how this discretion can be supervised by a coördinate branch of the Government." When the punishment imposed is within the limit fixed by law it cannot be excessive. *S. v. Capps,* 134 N. C., 622.

The statute provides that a violation of its terms may be punished by "fine and imprisonment in the discretion of the court." We do not agree with the defendant that the sentence is illegal because the court imposed only a fine. When the punishment authorized is "by fine or imprisonment," only one can be imposed. *S. v. Walters,* 97 N. C., 489. But when, as here, the judge has authority to impose a sentence of "fine and imprisonment," he may impose either punishment or both. If it were otherwise, the defendant cannot appeal from a leniency which is in his favor, for he has suffered no wrong. At common law, the punishment for a misdemeanor was "fine or imprisonment," and the courts in their discretion imposed both or either.

No error.