STATE v. Y. S. WHITE.

(Filed 25 May, 1949.)

**1. Criminal Law § 62f—**

Where defendant appeals to the Superior Court from a suspended sentence entered in a municipal court, he may not complain that upon his plea of guilty in the Superior Court, sentence is entered without conditional or elective suspension.

**2. Bills and Notes § 37—**

The offense proscribed by G.S. 14-107 is not the attempted payment of a debt, but the giving of a worthless check with its resulting injury to society in undermining confidence in negotiable paper.

**3. Criminal Law § 62a—**

A sentence of 18 months on the roads entered upon defendant's plea of guilty to a misdemeanor is within that permitted by law, and therefore cannot be "cruel and unusual" in a constitutional sense. Constitution of N. C., Art. I, Sec. 14.

APPEAL by defendant from *Bobbitt, J.,* at December Term, 1948, of GUILFORD (High Point Division).

Criminal prosecution on warrant charging the defendant with drawing and uttering a worthless check in violation of G.S. 14-107.

On 17 August, 1948, the defendant gave the Powell Motor Company of High Point a check drawn on a Charlotte bank for $1,535.00 in payment of an automobile. The check was returned marked "Insufficient Funds." The defendant requested that it be redeposited, which was done, and it was again dishonored.

Warrant was issued for the defendant on 30 August, 1948. From a conviction in the Municipal Court of the City of High Point and sentence of 18 months on the roads, suspended on condition the defendant pay the

holder the amount of the check and the costs of the action, the defendant appealed to the Superior Court of Guilford County.

In the Superior Court, the defendant, through counsel, entered a plea of guilty and was sentenced to 18 months on the roads.

The defendant appeals, alleging that the sentence imposed is excessive and violative of Art. I, Sec. 14, North Carolina Constitution.

*Attorney-General McMullan, Assistant Attorney-General Moody, and John R. Jordan, Jr., Member of Staff, for the State.*

*York, Morgan & York for defendant.*

STACY, C. J. The question for decision is the reasonableness of the punishment inflicted. The defendant was given an opportunity in the Municipal Court to escape the road sentence there imposed by paying his check and the costs of the action. This he elected not to do.

He was given the same sentence upon a plea of guilty in the Superior Court without any conditional or elective suspension. He would now like to go back and accept the conditions attached to the sentence in the Municipal Court. These conditions, however, are no longer available to him.

His appeal here is to test the alleged cruelty and unusuality of the punishment inflicted in the Superior Court where he entered a plea of guilty to the offense charged.

The defendant was given two chances by the holder of the check, and two by the Municipal Court. The Superior Court evidently thought the best way to take his bad checks out of circulation was to take him out of circulation for awhile. A check is a negotiable instrument and passes readily through the channels of commerce because of the faith and confidence which those in the marketplaces are willing to repose in negotiable paper, and it is an injury to society to undermine this confidence. It is not the attempted payment of a debt that is condemned by the statute, but the giving of a worthless check and its consequent disturbance of business integrity. *S. v. Yarboro,* 194 N.C. 498, 140 S.E. 216.

The sentence imposed is less than the punishment heretofore approved in a number of misdemeanor cases. It cannot be said to be "cruel and unusual" in a constitutional sense. The judgment will be affirmed on authority of *S. v. Levy,* 220 N.C. 812, 18 S.E. 2d 355; *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *S. v. Wilson,* 218 N.C. 769, 12 S.E. 2d 654.

Affirmed.