## STATE v. DAVID HARAM LEE

(Filed 20 November, 1957)

**1. Automobiles § 75: Constitutional Law § 36: Criminal Law § 131—**

G.S. 20-179 fixes no maximum period of imprisonment as punishment for the first offense of a violation of G.S. 20-138, and therefore judgment of imprisonment for not less than 18 months nor more than 24 months is within the limitation authorized by statute and therefore cannot be held cruel or unusual in the constitutional sense. Constitution of North Carolina, Art. I, Sec. 14.

**2. Constitutional Law § 36: Criminal Law § 131—**

The 8th Amendment to the Federal Constitution prohibiting the infliction of cruel and unusual punishment is a limitation upon the Federal Government, and not upon the States.

**3. Criminal Law § 132—**

Sentence upon conviction of violating G.S. 20-138 that defendant be imprisoned for not less than 18 months nor more than 24 months is an indeterminate sentence authorized by G.S. 148-42.

APPEAL by defendant from *Seawell, J.,* April Criminal Term 1957 of JOHNSTON.

Criminal prosecution upon a bill of indictment charging the defendant with unlawfully driving an automobile upon a public highway within the State, while under the influence of intoxicating liquor, a violation of G.S. 20-138.

The defendant, who was represented by his counsel, Albert A. Corbett, entered a plea of *nolo contendere* to the indictment.

From a judgment of imprisonment of not less than 18 months nor more than 24 months, the defendant appeals.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*E. R. Temple for defendant appellant.*

PARKER, J. The State's evidence shows that the defendant was operating his automobile upon a public highway within the State in a drunken condition at a terrific speed, and that an elderly constable, who attempted to apprehend him, was forced from, or ran off, the highway, and was killed.

Defendant's assignment of error that the judgment of the court was the infliction of cruel or unusual punishment within the meaning of Art. 1, Sec. 14, of the State Constitution, is overruled. G.S. 20-179 fixes no maximum period of imprisonment as punishment for the first offense of a violation of G.S. 20-138, and it is well settled law in this jurisdiction that when no maximum time is fixed by the statute an imprisonment for two years

will not be held cruel or unusual punishment, as prohibited by Art. I, Sec. 14, of the State Constitution. *S. v. Driver,* 78 N.C. 423; *S. v. Miller,* 94 N.C. 904; *S. v. Farrington,* 141 N.C. 844, 53 S.E. 954; *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; *S. v. White,* 230 N.C. 513, 53 S.E. 2d 436. The judgment entered in this case was within the limits authorized by G.S. 20-179. *S. v. Stone,* 245 N.C. 42, 95 S.E. 2d 77; *S. v. White,* 246 N.C. 587, 90 S.E. 2d 772.

Defendant also invokes the 8th Amendment to the U. S. Constitution, with its prohibition of cruel and unusual punishment. This amendment is a limitation upon the Federal Government, and not upon the States. *Collins v. Johnston,* 237 U. S. 502, 510; 59 L. Ed. 1071, 1079; *Pervear v. Commonwealth,* 72 U.S. 475, 18 L. Ed. 608; *Barron v. Baltimore,* 7 Pet. 243, 8 L. Ed. 672; *S. v. Blake,* 157 N.C. 608, 72 S.E. 1080.

The indeterminate sentence imposed was authorized by G.S. 148-42.

Defendant's other assignments of error have been examined, and they are without merit.

In the bill of indictment the defendant's name is given as David Lee. The case on appeal, which was settled by Judge Seawell, is entitled *State v. David Haram Lee.* The record states that the defendant David Haram Lee tendered to the solicitor his statement of the case on appeal, which was signed by E. R. Temple, his attorney of record in this Court.

In the trial below we find

No error.