STATE OF NORTH CAROLINA v. CHARLES FOUNTAIN GRANT

No. 688SC256

(Filed 5 February 1969)

**1. Automobiles § 129— prosecution for driving while intoxicated — instructions**

In a prosecution for driving while under the influence of intoxicating liquor in which the State and defendant stipulated that if a witness were present in court he would testify that he administered a blood alcohol test to defendant and that the test showed that the defendant had a content of point twenty-two (.22%) alcohol in his bloodstream, a statement by the court in its charge that "it has been stipulated by his counsel that the result of that test was point two-two (.22) percent," while not in the exact words of the stipulation, is not prejudicial error since the substance is the same.

**2. Automobiles § 130; Criminal Law § 138— driving while intoxicated — punishment — active prison sentence**

Defendant sentenced to an active prison term of 6 months upon his conviction of driving while under the influence of intoxicants is not entitled to have the sentence set aside on the ground that an active sentence for that crime is contrary to prevailing custom, the determination of what sentence within the statutory maximum shall be imposed being the duty of the trial judge, and the sentence imposed upon defendant being within the maximum authorized by G.S. 20-179.

APPEAL by defendant from *Fountain, J.*, 11 March 1968 Session of Superior Court of LENOIR County.

After conviction and imposition of sentence in recorder's court on a charge of operating an automobile on the public highways while under the influence of intoxicating liquor, the defendant appealed to the Superior Court of Lenoir County.

Upon trial in superior court, the jury returned a verdict of guilty as charged. From a judgment imposing a six-months prison sentence, the defendant appealed, assigning error.

*Attorney General T. W. Bruton, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*

*Turner & Harrison by Fred W. Harrison for defendant appellant.*

MALLARD, C.J.

[1] Defendant contends the trial court committed error in the charge in stating a stipulation entered into by the State and the defendant. On page fourteen of the record the stipulation is set out as follows:

STATE *v.* GRANT

"At this point it is stipulated that if Mr. Lutz were present in Court he would stipulate that he had administered a blood alcohol test on the defendant and that the test showed that the defendant had a content of point twenty-two (.22%) alcohol in his blood stream."

The entire portion of the charge of the court excepted to reads, "However, it has been stipulated by his counsel that the result of that test was point two-two (.22) percent."

The stipulation as stated by Judge Fountain was not in the exact words of the stipulation in the record, but when read in context, the substance is substantially the same. The defendant's contention that the judge committed prejudicial error in stating the stipulation is without merit.

[2] The only other assignment of error brought forward by the defendant in his brief is that the court committed error in entering the judgment. The defendant contends that an active prison sentence, although authorized by G.S. 20-179, is contrary to custom, and therefore he is entitled to a new trial or at least that the case ought to be remanded and another sentence imposed "in accordance with prevailing custom." This contention is without merit. The determination of what sentence, within the limits fixed by the Legislature, shall be imposed in a case is the duty of the trial judge. The statute with respect to the imposition of sentences in North Carolina upon a conviction, or plea of guilty, of the crime of operating an automobile on the public highways while under the influence of intoxicating liquor is G.S. 20-179. Under this statute a maximum sentence of two years may be imposed, and therefore a sentence of six months in prison is not excessive. *State v. Lee,* 247 N.C. 230, 100 S.E. 2d 372; *State v. Morris,* 2 N.C. App. 262, 163 S.E. 2d 108; *State v. Morris,* No. 414, Fall Session 1968, N. C. Supreme Court, Filed 21 January 1969.

In the trial and sentence there is

No error.

CAMPBELL and MORRIS, JJ., concur.