STATE v. MOSES LEVY.

(Filed 23 January, 1942.)

**1. Bills and Notes § 10g—**

In a prosecution for issuing a worthless check, an instruction to the effect that if the jury should find from the evidence beyond a reasonable doubt that defendant issued the described checks knowing at the time of delivering them that he did not have sufficient funds on deposit in or credit with the drawee bank with which to pay same on presentation, he would be guilty, *is held* without error, since such charge follows the statute, ch. 62, Public Laws 1927, Michie's Code, 4283 (a), and correctly places the burden on the State to prove each essential element of the offense beyond a reasonable doubt.

**2. Same—**

The gravamen of the offense proscribed by ch. 62, Public Laws 1927, is the putting into circulation worthless commercial paper to the public detriment, and not that of the individual payee.

**3. Same—**

The fact that the maker of a check delivers it to the payee under an agreement not to deposit same until a specified future date does not entitle the maker to a verdict of not guilty in a prosecution for issuing a worthless check when at the time of issuing same the maker knew he did not have sufficient funds in or credit with the depository with which to pay same upon presentation.

**4. Same—**

Where a warrant alleges each essential element of the offense of issuing a worthless check, the addition of the words "with intent to cheat and defraud" the payee, will be treated as surplusage.

**5. Constitutional Law § 32—**

Upon defendant's conviction upon two warrants charging the issuance of worthless checks, a sentence of two years imprisonment on the first warrant and one year imprisonment on the second, the sentences to run consecutively, cannot be held excessive, cruel or unusual, since the sentences were within the limits prescribed by the statute.

APPEAL by defendant from *Burney, J.,* at June Term, 1941, of DURHAM.

The defendant was tried upon appeals from the recorder's court of Durham in two cases, upon one warrant charging a violation of ch. 62, Public Laws 1927 (N. C. Code of 1939 [Michie], sec. 4283 [a]), in that on 7 October, 1940, he "did willfully, maliciously and unlawfully give to R. & S. Packing Company one check drawn on the Mechanics & Farmers Bank of Durham, N. C., for the sum of $53.95, knowing at the time that he, the said Moses Levy, did not have sufficient funds on deposit or

credits with said bank with which to pay the said check, with intent to cheat and defraud the R. & S. Packing Company," and upon another similar warrant charging the giving a similar check for $69.15 for a similar purpose on 14 October, 1940. The cases were consolidated for the purpose of trial.

The following appears in the record: "The defendant admitted, in open court, that at the time he issued the two checks he did not have money or credit with the Mechanics & Farmers Bank of Durham sufficient to take care of said checks." The wife of the defendant, as a witness in his behalf, testified: "Mr. Levy told Mr. Bunch (the agent of the R. & S. Packing Company, payee on the check, to whom the check was delivered, and referring to the $53.95 check) to hold the check until the following Saturday after the check was given, and that Mr. Levy did not have the money in the bank," and referring to the check for $69.15, that "Mr. Bunch came in and (I) heard Mr. Levy tell him that he did not have any money in the bank and to hold that check until the following Saturday." The defendant did not testify in his own behalf.

The following excerpts from the charge are made the bases for exceptive assignments of error: (1) "And so I charge you, Gentlemen, that if you find, from the evidence beyond a reasonable doubt, that the defendant, Moses Levy, has drawn, made, uttered or issued and delivered to the R. & S. Packing Company his check drawn on the Mechanics & Farmers Bank for the sum of $53.95 dated October 7, 1940, and that he knew at the time of making, drawing, uttering, issuing and delivering such check that he did not have sufficient funds on deposit in or credit with such bank with which to pay the same on presentation, if you find these to be the facts beyond a reasonable doubt, then I charge you that the defendant would be guilty of giving a worthless check as contemplated by the statute, and if you so find, it will be your duty to render a verdict of guilty as charged in the first warrant; if you fail to so find, it would be your duty to render a verdict of not guilty," and (2) a similar charge as to the second check for $69.15, and (3) "The Court instructs you finally that if you find from the evidence, you are satisfied from it not beyond a reasonable doubt nor by the greater weight of the evidence, but are simply satisfied, that the defendant entered into an agreement with Mr. Bunch at the time he gave him the checks, either or both of them, that he agreed to hold the checks and not to deposit them, then it would be your duty to return a verdict of not guilty in both cases."

Upon a verdict of guilty upon both warrants the court entered judgment that the defendant be imprisoned for two years on the first warrant and one year upon the second, sentences to run consecutively.

From the judgment the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Henry Bane and S. C. Brawley for defendant, appellant.*

SCHENCK, J. The pertinent portion of the statute (ch. 62, Public Laws 1927), upon which the warrants were drawn reads:

"An act to prevent the giving of worthless checks.

"Whereas, the common practice of giving checks, drafts, and bills of exchange, without first providing funds in or credits with the depository on which the same are drawn, to pay and satisfy the same, tends to create the circulation of worthless paper, overdrafts, bad banking, and check kiting, and a mischief to trade and commerce; and it being the purpose of this act to remedy this evil,

"The General Assembly of North Carolina do enact:

"Section 1. It shall be unlawful for any person, firm or corporation, to draw, make, utter or issue and deliver to another, any check or draft on any bank or depository, for the payment of money or its equivalent, knowing at the time of the making, drawing, uttering, issuing and delivering such check or draft as aforesaid, that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation.

. . . . . . .

"Sec. 4. That chapter fourteen of the Public Laws of nineteen hundred and twenty-five be and the same is hereby repealed."

We are of the opinion, and so hold, that the exceptions urged against the first and second excerpts from the charge assigned as error cannot be sustained. The charge is substantially in the language of the statute and the burden of establishing the essential elements of the offense beyond a reasonable doubt was properly placed upon the State.

The exception urged against the third excerpt from the charge cannot be held for prejudicial error for the reason that it is favorable to the defendant. If it be conceded that the defendant "entered into an agreement with Mr. Bunch at the time he gave him the checks, either or both of them, that he agreed to hold the checks and not deposit them," this would not entitle the defendant to a verdict of not guilty if he issued the checks on a bank where he knew he did not have sufficient funds on deposit in or credit with such bank with which to pay the same upon presentation.

The gravamen of the offense against which the statute inveighs as appears from the preamble thereof, is the giving of checks, drafts and bills of exchange, without first providing funds in or credits with the depository to pay the same, thereby causing mischief to trade and commerce by putting in circulation worthless paper—an offense against the

public, *S. v. Yarboro,* 194 N. C., 498, 140 S. E., 216, as distinguished from the former act (ch. 14, Public Laws 1925), now repealed, which was enacted, primarily at least, for the protection of an individual, the payee. If the checks were issued by the defendant, the fact that he had an agreement with the person to whom they were delivered not to deposit them "until the following Saturday," would not exculpate him from having issued checks on the bank knowing at the time he did not have sufficient funds on deposit in or credit with such bank with which to pay the same upon presentation. "The offense consists, not in presently obtaining something of value by deceit, but in putting in circulation worthless commercial paper which will ultimately result in financial loss." *S. v. Yarboro, supra.*

The words "with intent to cheat and defraud the R. & S. Packing Company" used in the warrants were surplusage.

The assignment of error that the sentences imposed were excessive, cruel and unusual cannot be sustained, since they are within the limits prescribed by the statute. *S. v. Brackett,* 218 N. C., 369, 11 S. E. (2d), 146.

On the record we find

No error.