## STATE v. JAMES H. NELSON.

(Filed 8 November, 1950.)

**Criminal Law §§ 6a, 29d: Rape § 23—**

In those offenses in which the want of consent of the person affected is an element, such as assault on a female, entrapment amounting to a consent of the person affected cannot be made the basis of a criminal charge, and therefore in a prosecution for such offense defendant is entitled to introduce evidence tending to show that the prosecuting witness agreed with officers that she would meet defendant and go with him voluntarily for the purpose of prosecuting him for any offense he might commit.

APPEAL by defendant from *Rousseau, J.,* at August Term, 1950, of BUNCOMBE.

Criminal prosecution upon a bill of indictment charging defendant with the crime of assault with intent to rape one Janet Haynes.

Defendant pleaded not guilty.

On the trial in Superior Court the State offered as witnesses Janet Haynes and deputy sheriff J. B. Gibbs.

Janet Haynes testified, substantially, as follows: That in June, 1950, she put an advertisement in a local newspaper for work after school was out; that she received several calls each day after the advertisement appeared; that a man, she later ascertained to be the defendant, called and made arrangement to meet her at the end of the Beaverdam bus line at 11:30 in the daytime; that she met him there at the appointed time and he asked if she were the girl he called concerning the ad that was in the paper,—saying he had called several girls and didn't know whether she was the particular one; that he said he would take her to his house to talk to his wife; that she got into his car, and he took her up the road; that as they were riding along he asked her if she would like to have a date; that she told him "No," and he offered to give her money, but she declined it, and asked him to take her back and let her out and she would catch a bus and go home; that he told her he was not going to hurt her; that he continued to talk about a date, and each time that he made a remark about a date, he would feel her leg; that she asked him not to do that; that he put his hands on her leg several times; that it was against her will for him to put his hand on her, and she told him so; that he did not take her to his home to speak to his wife, but parked beside a little side road leading into the woods, and had taken out his billfold when the officers came up; and that before she went out there in response to his request she conferred with the sheriff's department.

The deputy sheriff testified substantially as follows: That Janet Haynes had talked with him about the advertisement she had inserted

STATE *v.* NELSON.

in the newspaper asking for work; that she said she put an ad in the paper and got a call; (defendant objected, and the testimony was admitted for corroboration) that because of what she said, he and other officers, naming them, followed her; that as they walked up to the parked car defendant had in one hand his pocketbook, and the other was on the back of the seat; that defendant in response to inquiry, stated what he was trying to do.

The officer, under cross-examination, testified that he talked with Janet Haynes over the telephone before she went out, and that he did not know whether it is a fact that she put the advertisement in the paper without any idea of working or not. "Objection by the State. Q. If you know? A. I don't know. The Court: I don't know that that would be material or not. If you insist upon your objection I will sustain it. The Solicitor: I wouldn't know unless I had the prosecuting witness here. Objection sustained." Exception No. 12.

The officer then stated, "I talked with her over the telephone before she went out there and I told her to go out and do as she was instructed by him."

Then defendant's counsel asked this question: "Q. You told her that you would be out there and that you would take care of her? Objection by the State sustained." Then the following occurred: "The Court: I don't see how that is material in this case. I will ask the jury not to consider that. That is not impeachment of this witness.

"Mr. Crawford: It isn't impeachment? She said nothing about that. It does not corroborate or contradict her.

"Mr. Crawford: Will you let the jury go out?

"The Court: Not now. I will give you an exception." Exception by defendant—Exception No. 13.

Then the witness testified that "she described the sort of car he described he would have and I followed her and saw her get in this car. I followed it up Beaverdam Road . . . about 100 yards behind it . . . in sight of her at all times . . . traveled . . . on the hard surface approximately one mile and a half . . . he barely pulled off the main road when he parked."

The State rested.

Defendant made motion to be permitted to recall the prosecutrix for further cross-examination. The court in its discretion denied the motion, and stated to counsel for defendant that he could call her as his witness and examine her as an adverse witness. This was not done—and no exception appears.

At close of State's evidence defendant moved for judgment as of nonsuit. Motion denied and defendant excepted. Defendant then rested his

case and renewed his motion at the close of all the evidence. Motion denied and defendant excepted.

In the course of the trial the solicitor for the State said that the State would not ask that defendant be convicted of attempt at rape, but only for assault on a female. And the court at the close of the State's evidence nonsuited the State on assault with intent to commit rape,—leaving one count in the bill of indictment, assault upon a female.

Verdict: Guilty of assault on a female, defendant being a male over eighteen years of age.

Judgment: Confinement in the common jail of Buncombe County for nine months,—assigned to work on the roads under the supervision of State Highway and Public Works Commission.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of the Staff, for the State.*

*I. C. Crawford and Robert S. Swain for defendant, appellant.*

WINBORNE, J. While defendant has brought forward and debated in this Court, by brief and orally, numerous assignments of error based on exceptions taken during the course of the trial, express consideration is required only as to the twelfth and thirteenth.

In this connection, defendant contends that the State had introduced evidence tending to show a conference between Janet Haynes and officer Gibbs before she went out to meet defendant, and indicating in part the subject discussed in the conference. Hence the purpose of the questions was to show that Janet Haynes acted freely and voluntarily; that she knew she was going to meet defendant, and had agreed to meet him for the purpose of getting him to say or do something to her that would constitute a criminal offense; and that in effect she consented to all that was done. In other words, that defendant was lured into putting his hands upon the person of Janet Haynes, that is, entrapped to commit an offense with the view to prosecution therefor.

It is a principle of law that in those crimes in which an essential element is the violation of individual rights of persons, an entrapment must not be under such circumstances as will amount to the consent of the person affected. If want of consent is an element of a crime, an act done with the consent of the person affected cannot be made the basis of a criminal charge. It is said that no offense is committed where a person arranges for a crime to be committed against himself, and aids, encourages or solicits the commission of it. 15 Am. Jur. 23, Criminal Law 334, 336. Annotation on subject "Entrapment to commit crime with view to prosecute therefor," 18 A.L.R. 146 and 86 A.L.R. 263.

In the light of these principles the matters to which the exceptions under consideration relate were material to the defense interposed by ·defendant. Indeed, the materiality is emphasized by the denial of motion ·of defendant to be permitted to recall Janet Haynes for further cross- ·examination, to which no exception was taken. Defendant was entitled ·to an opportunity to develop his defense.

For error pointed out, there must be a

New trial.