Merrimack, Feb. 6, 1951. } No. 3979.

STATE *v.* DOMINIC DEL BIANCO.

*Gordon M. Tiffany*, Attorney General, *William S. Green*, Deputy Attorney General, *Raymond K. Perkins*, County Solicitor (*Mr. Green* orally), for the State.

*Robert J. Doyle* (by brief and orally), for the defendant.

KENISON, J. A bet or wager on a horse race is a gambling contract which is prohibited by our statute (R. L., c. 447, s. 7; *McQuesten* v. *Steinmetz*, 73 N. H. 9) except as pari mutuel horse racing and gambling is permitted and regulated by statute. R. L., c. 171; *North Hampton &c. Ass'n* v. *Commission*, 94 N. H. 156. One of the defendant's defenses is stated as follows: "In accordance to the evidence submitted, there was no intention on the part of Officer Philbrick to wager. Therefore there was no meeting of the minds." While it is undoubtedly true that officer Philbrick's intention was to obtain evidence rather than to make a *bona fide* wager, his secret intention does not prevent the acceptance of that wager by the defendant. *State* v. *Stolberg*, 318 Mo. 958. It is not necessary that both the person who places a bet and the one who receives it shall have a mutual criminal intent. It is sufficient that the person receiving the bet accepts it either expressly

or constructively with intention of violating the statute. The situation is analogous to bribery in which it is held that there need not be any mutual intent on the part of both the giver or the acceptor of a bribe, and that all that is required is that the person accepting the bribe does so with a guilty intention. *State* v. *Vallee*, 136 Me. 432.

If officers of the law induce an innocent person to instigate a crime which he would not otherwise commit, this is entrapment and may constitute a defense to the crime charged. *Sorrells* v. *United States*, 287 U. S. 435. If, on the other hand, officers of the law by the use of feigned accomplices apprehend one who is engaging in a crime without their instigation or inducement, there is no entrapment and the use of such evidence is not a defense to the crime charged. See *State* v. *Flynn*, 36 N. H. 64, 70. The Trial Court was in a position in considering the evidence of what took place both before and after the arrest to determine beyond a reasonable doubt whether the defendant was forced into a crime he would not otherwise commit or whether he was apprehended in a specific violation of a continuing crime. There was evidence from which the Trial Court could determine whether the actions of the defendant were those of an innocent man tricked into a violation of the law or whether his air of injured innocence was incompatible with the evidence as a whole. The credibility of the State's evidence on the one hand and the testimony of the defendant on the other was peculiarly a matter for the trier of fact. If, as appears to be the case, the former was accepted and the latter was rejected, it could be found beyond a reasonable doubt that the defendant was guilty of the crime charged.

It is no defense that the State has failed to prove that these specific horse races were run on October 8, 1948. "It may be proved in a prosecution for receiving bets on horse races that the bet was placed to secure evidence; but it need not be proved in such a prosecution that the race was run." Underhill, Criminal Evidence (4th *ed.*) *s.* 747.

Our legislative enactments declare that bets, wagers and gambling contracts are void. R. L., *c.* 447, *ss.* 15, 16, 18. They evidence a public policy of heavy hostility at least toward gambling that is unregulated and non-revenue producing. Thus the loser of a bet may recover it even though it is illegal and the stakeholder or bookmaker has already paid it over to the winner. *Watts* v. *Lynch*, 64 N. H. 96; R. L., *c.* 447, *s.* 17. In spite of this public policy, the defendant is correct in asserting that the State must prove that an understandable bet has been made by the bettor and has been accepted by the stake holder or bookmaker. In the present case the Trial Court could

accept the evidence for the State that a "parlay" was made or the testimony of the defendant that it "doesn't say anything." The verdict indicates that the Trial Court found that an understandable bet was made by Philbrick and accepted by the defendant when he immediately placed it in his pocket and walked away. This was a permissible finding on the evidence.

Judicial notice may be taken of the fact that a betting contract is consummated with greater dispatch, more informality and less meticulous detail than would be required of a municipal bond issue or a complicated corporate contract. Both are and must be definite but the former may be in shorthand expression for its well understood terms in the custom of the trade.

There being no error in admission of evidence (*Koutsabelis* v. *Pappas*, 80 N. H. 67) or the refusal to dismiss the complaint, the order is

*Exceptions overruled.*

All concurred.