## STATE v. C. W. JACKSON.

(Filed 14 December, 1955.)

**1. Bills and Notes § 37—**

If at the time of delivering a cheque to the payee the maker knows that he has neither funds nor credit to pay the cheque upon presentation, the fact that the payee agrees that the cheque would not be presented for collection, would not constitute a defense, since the offense defined by G.S. 14-107 relates to nuisance resulting to trade and commerce from worthless cheques and not to losses occasioned to payees.

**2. Same—**

The giving of a worthless cheque in contravention of G.S. 14-107 is a crime regardless of the consent of anyone.

**3. Criminal Law § 6a—**

Where the offense is a crime regardless of the consent of anyone, the defense of entrapment must be predicated upon acts of officers or agents of the government or state in inciting, directly or indirectly, the commission of the offense, and it is not entrapment when a person who is not connected with the government or state induces defendant to commit the crime.

**4. Criminal Law § 56: Indictment and Warrant § 11—**

Objection that the warrant charged the offense disjunctively and alternately must be raised by motion to quash before entering a general plea, and it cannot be asserted by motion in arrest of judgment.

**5. Bills and Notes § 38: Indictment and Warrant § 11—**

A warrant charging that defendant, trading under a trade name, did, on a specified date, unlawfully and willfully issue a cheque knowing at the time that the named defendant, or the named defendant trading under the designated trade name, or the designated firm, did not have sufficient funds or credit to pay the cheque upon presentation, is sufficient and is not objectionable on the ground that the offense was charged disjunctively or alternately.   G.S. 14-107.

APPEAL by defendant from *Phillips, J.,* June Mixed Term 1955 of DAVIDSON.

Criminal prosecution on a warrant for making, uttering, issuing and delivering a worthless cheque heard, on appeal from a judgment imposed on a conviction in the Recorder's Court of Thomasville, upon a plea of Not Guilty at the May Mixed Term 1955 of Davidson County Superior Court by Whitmire, Special Judge, and a jury.

The warrant charged the defendant, trading as Chair City Motors, on or about 6 April 1954, with unlawfully and wilfully making, uttering, issuing and delivering to General Finance Company a cheque in the sum of $8,260.00 drawn on the First National Bank of Thomasville, North Carolina, he knowing at the time of the making, issuing and

delivering such cheque that he, C. W. Jackson, or C. W. Jackson, trading as Chair City Motors, or Chair City Motors, did not have sufficient funds in, or credit with such bank, to pay the same upon presentation.

The warrant in this case was issued upon the affidavit of the complainant George L. Huntley, President of General Finance Company.

C. W. Jackson owned, and operated an automobile business under the trade name of Chair City Motors. General Finance Company handled one floor plan for the defendant: that is a plan where a finance company handles paper for automobile dealers.

On 6 April 1954 the defendant owed General Finance Company $8,260.00 on 11 automobiles. General Finance Company had chattel mortgages on and titles to these automobiles as security for this account. On that day the defendant came into the office of the Finance Company, and gave to it his cheque in the sum of $8,260.00, drawn on the First National Bank of Thomasville, North Carolina, in full payment of his account. The cheque was dated 6 April 1954, and was signed Chair City Motors, and just beneath Chair City Motors, C. W. Jackson. Upon receipt of the cheque General Finance Company gave the defendant the chattel mortgages and titles, marking them paid.

On 7 April 1954, defendant's cheque for $8,260.00 was presented to the First National Bank of Thomasville, North Carolina, for payment, and the bank did not pay the cheque, for the reason that the defendant and Chair City Motors had neither sufficient funds in, or credit with, said bank to pay the cheque when it was presented.

The defendant offered evidence tending to show that George L. Huntley, President of General Finance Company, by persuasion, trickery and fraud induced him to make, utter and deliver this cheque for $8,260.00, Huntley knowing at the time that he had neither funds in, or credit with, the bank on which it was drawn, to pay it on presentation, and the defendant contends that Huntley's purpose was to prosecute him for giving a worthless cheque. The defendant further offered evidence tending to show that Huntley told him if he gave the cheque, it would not be put in for collection, and that he, Huntley, would take care of it.

The State's evidence tended to show that Huntley did not induce the defendant by persuasion, trickery or fraud to make, utter and deliver the cheque to the Finance Company, did not tell the defendant that the cheque would not be put in for collection, and did not say he would take care of it.

Jury Verdict: Guilty as charged.

After rendition of the verdict the defendant moved that prayer for judgment be continued until the June Mixed Term 1955 of Davidson County Superior Court. The motion was allowed.

At the June Mixed Term 1955 of Court Phillips, J., imposed sentence of imprisonment.

From the judgment imposed the defendant appeals, assigning error.

*William B. Rodman, Jr., Attorney General, T. W. Bruton, Assistant Attorney General, and Harvey W. Marcus, Member of Staff, for the State.*

*C. T. Kennedy and W. H. Steed for Defendant, Appellant.*

PARKER, J.   The defendant assigns as error the refusal of the Court to give his prayer for instructions No. 2 to the effect that, if the jury was satisfied from the evidence that the defendant delivered the cheque to the General Finance Company under an agreement with Huntley, its President, that the cheque would not be presented for collection, that this would not be a placing of the cheque in circulation, and the jury should return a verdict of Not Guilty.

The defendant testified: "I didn't have any reserve at the First National Bank.  I didn't do any business there."  According to the defendant's testimony he wrote the $8,260.00 cheque, delivered it to General Finance Company and knew at the time of making and delivery of this cheque that he had neither funds on deposit in, or credit with, the First National Bank of Thomasville, North Carolina, to pay this cheque when presented there for payment.  The State's evidence tended to show that on 6 April 1954 the defendant had on deposit in the First National Bank of Thomasville, North Carolina, the sum of $48.99, and on 7 April 1954 the sum of $328.99.  Such being the case, if he had an understanding with Huntley, as he contends, this would not entitle him to a verdict of Not Guilty.  *S. v. Levy,* 220 N.C. 812, 18 S.E. 2d 355, is directly in point against the defendant's contention.

The nuisance to trade and commerce of worthless cheques, condemned by G.S. 14-107, is "the giving of a worthless check, and its consequent disturbance of business integrity."  *S. v. White,* 230 N.C. 513, 53 S.E. 2d 436.

The defendant contends that he was entrapped by George L. Huntley, President of General Finance Company, into making, uttering, issuing and delivering this $8,260.00 cheque to General Finance Company, and assigns as error the refusal of the Court to give to the jury his prayer for special instructions that the acts and language of Huntley constituted entrapment, and was a complete defense.

The making, uttering, issuing and delivering of a worthless cheque is a crime regardless of the consent of any one.  This is not a case where the criminality of the act is affected by a question of consent, as for instance, larceny (*S. v. Adams,* 115 N.C. 775, 20 S.E. 722), or an

assault on the person (*S. v. Burnette*, 242 N.C. 164, 87 S.E. 2d 191; *S. v. Nelson*, 232 N.C. 602, 61 S.E. 2d 626). See Annos.: 18 A.L.R. 146; 66 A.L.R. 473; 86 A.L.R. 263.

We are squarely faced with this question for decision: Is the defense of entrapment available to the defendant in a worthless cheque prosecution for the reason that the defendant allegedly was induced to make, utter, issue and deliver this cheque by a third person unconnected with the State?

This Court said in *S. v. Love*, 229 N.C. 99, 101, 47 S.E. 2d 712: "Our own Court has not found it exigent in any cited case we can find to give a formal definition of the defense" (entrapment) "as presented here." In this case the Court quotes this excerpt from *Sorrells v. U. S.*, 287 U.S. 435, 77 L. Ed. 413, 86 A.L.R. 249: "Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." This excerpt is not taken from the opinion of the Court by *Hughes, C. J.*, but from a separate opinion by *Roberts, J.*, concurred in by *Brandeis* and *Stone, JJ.* In the *Love case* our Court further says: "The Federal conception of entrapment is not necessarily binding upon us, for the question is much broader than the cited application in the *Sorrells case*, from which the appellants quote." We have examined the appellants' brief, and they have not quoted from the *Sorrells case* the part this Court quoted, nor does it bear any relation to it.

It seems to be the Federal rule that entrapment exists only when the government agents induce and originate the criminal intent of a defendant. *Sorrells v. U. S., supra; U. S. v. Lidenfield*, 142 F. 2d 829 (cases cited); *U. S. v. Sherman* (1952), 200 F. 2d 880.

In *U. S. v. Sherman, supra*, the Court, after stating that the U. S. Supreme Court has not said anything since then to qualify what it said in *Sorrells v. U. S., supra*, states: "In *Sorrells v. U. S., supra*, all the Court agreed as to the meaning of inducement: it was that someone employed for the purpose by the prosecution had induced the accused to commit the offense charged, which he would not have otherwise committed."

In *Polski v. U. S.*, 33 F. 2d 686, the Court said: "The very heart of the doctrine of entrapment is that the government itself has brought about the crime."

The Supreme Court of Appeals of Virginia has approved the definition of entrapment as given in *Sorrells v. U. S., supra*, in *Ossen v. Com.*, 187 Va. 902, 48 S.E. 2d 204; *Falden v. Com.*, 167 Va. 549, 189 S.E. 329, which definition was set forth in our case of *S. v. Love, supra*, and is quoted before in this opinion.

In *S. v. Del Bianco,* 96 N.H. 436, 78 A. 2d 519, the Court said: "If officers of the law induce an innocent person to instigate a crime which he would not otherwise commit, this is entrapment and may constitute a defense to the crime charged. *Sorrells v. U. S.,* 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413."

In *People v. Finkelstin* (Cal. App.), 220 P. 2d 934, 940, it is said: "Entrapment exists only where the official has conceived and planned the crime for one who would not have done it but for the allurement, deception or persuasion of the officer." To the same effect, *People v. Nordeste* (Cal. App.), 270 P. 2d 530.

Where the offense charged is a crime regardless of the consent of any one, it seems that an essential element of entrapment is that the acts charged as crimes were incited directly or indirectly by officers or agents of the government or state: that it is not entrapment that one has been induced by some other than a person acting for the government or state to commit a crime. That is certainly the rule in the Federal Courts. In addition to the State cases, cited above, we cite the following cases in support: *People v. Carlton,* 83 Cal. App. 2d 475, 189 P. 2d 299; *Lee v. State* (Crim. Court of Oklahoma), 92 P. 2d 621; *Peery v. State* (Tex. Cr. R.), 134 S.W. 2d 283; *S. v. Berry,* 200 Wash. 495, 93 P. 2d 782, 792; Black's Law Dictionary, 4th Ed., Definition of Entrapment. See also Words and Phrases, Per. Ed., Vol. 14A, Entrapment, where a long list of cases of like import is given, and *S. v. Love, supra.*

It would be unconscionable and contrary to public policy and good morals to punish a man for the commission of an offense of which he would not have been guilty, in thought or deed, and would not have committed, if he had not been entrapped into committing the crime by officers or agents of the state or government, which is prosecuting him. On the other hand, to hold that entrapment is a defense under such circumstances when the inducement comes from a third party unconnected with the State, would gravely imperil the proper enforcement of the criminal law. For instance, if two defendants committed burglary, and one could satisfy the jury, that he was entrapped into committing the crime by his codefendant, he would go scot free.

In the case at bar the State was the prosecutor. Huntley had no connection with the State. The record is devoid of any evidence tending to establish entrapment of the defendant.

The defendant assigns as error the overruling of his motion for arrest of judgment made at the May Term after the return of the verdict of guilty, and the overruling of a similar motion renewed at the June Term. The defendant's contention, as stated in his brief, is that he was charged disjunctively and alternately in the warrant in such a manner as to leave uncertain what is relied on as an accusation against him.

The defendant's motion for arrest of judgment on the ground specified by him comes too late. To raise the question for decision the defendant should have made a motion to quash before entering a general plea. *S. v. Puckett,* 211 N.C. 66, 189 S.E. 183; *S. v. Wilson,* 121 N.C. 650, 28 S.E. 416. In *S. v. Jones,* 242 N.C. 563, 89 S.E. 2d 129, we considered a bill of indictment allegedly in the alternative on a motion to quash, made before a general plea was entered.

There is no merit to this assignment of error, if a motion to quash had been timely entered. Chair City Motors was merely the defendant's trade name. The warrant charges the offense almost in the exact words of G.S. 14-107. In a prosecution under this statute the State must prove that the maker of the cheque had neither sufficient funds on deposit in, nor credit with, the bank on which the cheque was drawn to pay it on presentation. *S. v. Edwards,* 190 N.C. 322, 130 S.E. 10.

There is no variance between allegation and proof here, as the defendant contends.

We have discussed all the assignments of error brought forward and discussed in defendant's brief. All the assignments of error are overruled.

In the trial below we find

No error.