STATE v. LESLIE MAE WALLACE, ALIAS MAE WEST.

(Filed 7 June, 1957.)

**Criminal Law § 6a—**

    Entrapment is a defense, and when the court, upon defendant's support-
ing evidence, instructs the jury that if officers induce an innocent person
to commit a crime he would not otherwise have committed, this would con-
stitute entrapment, and "may constitute a defense," must be *held* preju-
dicial as leaving it optional with the jury whether to apply the law of
entrapment.

APPEAL by defendant from *Williams, J.,* December, 1956 Special
Term, ROBESON Superior Court.

Criminal prosecution upon a three-count bill of indictment charging
that the defendant did on July 9, 1956, unlawfully (1) possess one pint
of nontaxpaid intoxicating whisky, (2) possess one pint of nontaxpaid
intoxicating whisky for the purpose of sale, and (3) sell one pint of
nontaxpaid intoxicating whisky.

The State offered Donald Torrence as a witness who testified that on
July 9, 1956, he purchased from the defendant one pint of whisky which
she poured from a half-gallon jar; that neither the fruit jar nor the
pint bottle which she filled had stamps affixed indicating the tax on the
contents had been paid; that he paid the defendant $2.00 for the whisky.

On cross-examination the witness testified he had been to the defend-
ant's home on two occasions prior to the day he made the purchase.
"The first time I went there with a colored subject . . . he went in and
did not tell her I was all wrong; he assumed that I was all right so she
would sell me some liquor or beer. . . . I relied on the man to present
me in a good light before this woman in order to try to get her to
violate the law; I tried to purchase whisky from her and did succeed,
but not the first time I went. . . . It took me three trips before she
ever sold me any whisky, but she gave me a drink on the second trip.
I purchased two cans of beer from her the second time and she gave me
a drink of whisky after I bought the beer. . . . The first time we didn't
get the beer as she didn't have any and the second time she had to
leave the house to get the beer. Where she got it, I don't know, but it
wasn't on her premises or in her possession. I don't know whether I
was drinking at all on the day I bought the pint as I don't recall."
This State's witness testified that he was an agent of the Alcohol and
Tobacco Tax Unit, Treasury Department of the United States, engaged
at the time in undercover work in connection with liquor law violations;
that he used public money supplied by the sheriff to make the purchase.
His custom was to engage a local "subject" "to put him onto the
ropes."

The defendant testified in her own behalf and denied that she was in the business of selling whisky or beer. She testified: "The first time a colored boy was with him. I told him I had no whisky. . . . On the second occasion he continued to ask me would I please go and get him some whisky . . . that it seemed like he just had to have a drink. I was under the impression he was a tobacco man. He kept on asking me and just to keep him from worrying me . . . I wanted to do my ironing . . . I told him the boy who was helping me paint would go find him some whisky since he wanted it so bad. (The boy said when he went there they would not have any bottles.) He found a bottle . . . I took it and washed it so it wouldn't be filthy. He stayed about 10 minutes, came back with the whisky. I wiped the bottle off and told him, 'Here is your whisky.' I took my money and paid for the whisky and I wanted my money. It seems like he handed me or him (the boy) $2.00. He took the whisky and went on out. I did not sell him any whisky. I did not sell him any beer, but the boy went out and got him two cans of beer and I don't know what the man gave him. He did not give me anything.

The jury returned a verdict of guilty on all three counts. From the judgment that the defendant be imprisoned for a term of 18 months, she appealed.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*Britt, Campbell & Britt for defendant, appellant.*

HIGGINS, J. The court in its charge set forth in detail the elements necessary to constitute entrapment, stated the separate contentions of the State and the defendant as to whether the evidence made out a case of entrapment. The court did not make its own application of the law to the facts as the jury might find them and did not instruct the jury as to its permissible verdicts according to its actual findings. The failure of the court to apply the law to the facts, as the jury might find them, is not the subject of an exceptive assignment. We mention the failure here only to emphasize the probable prejudicial effect of that portion of the court's charge to which the defendant did object.

The defendant included in her exception and assignment of error No. 4 that portion of the charge defining entrapment. The exception, we concede, included more of the charge than is required to point up the error of which the defendant complains. However, the Attorney-General does not raise the objection that the charge was broadside. To pinpoint the exception we need only quote the following part of the charge: "If officers of the law induce an innocent person to initiate a

crime which he would not otherwise commit, this would constitute entrapment and may constitute a defense of the crime charged."

The law of entrapment is that it not only *may*, but it *does* constitute a defense. The charge as given left it optional with the jury whether to apply the law of entrapment as a defense. The court should have, but did not, charge that entrapment is a defense; and upon a finding that the defendant had been entrapped into the commission of the offense charged, it would be the duty of the jury to return a verdict of not guilty. In this case the State's only witness to the offense was an officer. The law of entrapment is fully discussed in the following cases: *S. v. Jackson,* 243 N.C. 216, 90 S.E. 2d 507; *S. v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191; *S. v. Nelson,* 232 N.C. 602, 61 S.E. 2d 626; *S. v. Love and West,* 229 N.C. 99, 47 S.E. 2d 712.

For the error indicated, it is ordered that there be a
New trial.