STATE OF NORTH CAROLINA v. GARY YOST

No. 7026SC631

(Filed 18 November 1970)

1. Criminal Law §§ 7, 121— defense of entrapment — sufficiency of evidence

The evidence in a burglary prosecution failed to support defendant's contention that he was tricked by a procured police agent into entering the home named in the indictment so that he could be arrested by the officers waiting inside; consequently, the trial court was not required to instruct the jury on the defense of entrapment.

2. Criminal Law § 121— instructions on entrapment

In order for defendant to be entitled to have the defense of entrapment submitted to the jury, there must be credible evidence tending to support defendant's contention that he was a victim of entrapment as that term is known to the law.

3. Criminal Law § 7— defense of entrapment — intent to commit crime

In order to have entrapment there must be an intent to commit a crime; the essential question is usually whether such intent originated in the mind of the defendant or resulted from inducement by a law enforcement officer or his agent.

APPEAL from *Snepp, J.,* 13 July 1970 Schedule "B" Criminal Session of MECKLENBURG County Superior Court.

Defendant was tried for second degree burglary under a bill of indictment charging him with first degree burglary. The jury returned a verdict of guilty of felonious breaking or entering. Judgment of imprisonment for a term of ten years was pronounced upon the verdict and defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General Sidney S. Eagles, Jr., for the State.*

*Whitfield, McNeely and Echols by Paul L. Whitfield for defendant appellant.*

GRAHAM, Judge.

[1]   Defendant's sole contention on appeal is that the court erred in failing to charge the jury on the defense of entrapment.

[2]   "In order for defendant to be entitled to have the defense of entrapment submitted to the jury, there must be credible evidence tending to support defendant's contention that he was a victim of entrapment as that term is known to the law." 3 Strong, N.C. Index 2d, Criminal Law, § 121. In our opinion the defense of entrapment does not arise from any evidence presented by the State or the defendant.

The State's evidence tended to show that defendant, Jackie Foster, and an unidentified third man entered the dwelling house of Mrs. O. F. Smetana in the City of Charlotte at approximately 8:00 p.m. on the evening of 27 February 1970. The house was dark and the doors were closed. Defendant was wearing work gloves and carrying a screwdriver. The three men went immediately to a closet containing a safe and opened the closet door; whereupon, three police officers, who had been concealed in the house, stepped forward and arrested defendant and Foster. The third man ran and was not apprehended. The police officers had entered the house with permission of the owner after having received information that there would be a break-in there on that night.

Defendant testified that in the early evening of the alleged break-in, he and Jackie Foster met a man in a pool hall who offered to give them information about the missing "Goode Diamond." Defendant had been searched several times for the diamond and was interested in locating it so he could "get the police officers off my back." The man, who was apparently never introduced to defendant, invited defendant and Foster to his home for drinks and to discuss the missing diamond. The three men then rode to the Smetana home in a Cadillac automobile operated by an unidentified fourth man. The driver remained outside in the car. The other three men went through the carport and into the kitchen of the Smetana home. Foster and defendant were instructed by their companion to go to the living room and turn on the light while he mixed them a drink. As they entered a hallway defendant and Foster were seized by police officers. The third man stated to the police, "[h]ere is your body." One of the officers replied, "Get the hell on out of

here now I will take care of it from here." The third man then left the house, got into the Cadillac automobile and left. Defendant insisted that he thought he was entering the home of the man who had invited him there; that he had no intention of committing larceny or any other crime inside the house, and that he was not wearing gloves or carrying a screwdriver at the time. Rebuttal evidence for the State denied that there had been any conversation between the third man and a police officer inside the house, and denied that the police had made "any prior arrangement" with the third man.

[3] In order to have entrapment there must be an intent to commit a crime. The essential question is usually whether such intent originated in the mind of the defendant or resulted from inducement by a law enforcement officer or his agent. *State v. Wallace,* 246 N.C. 445, 98 S.E. 2d 473; *State v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191. There is nothing in the State's evidence to indicate that the police officers had procured the third man, or anyone else, to act as agent for them in inducing defendant to enter the Smetana home for any purpose. "[T]o hold that entrapment is a defense . . . when the inducement comes from a third party unconnected with the State, would gravely imperil the proper enforcement of the criminal law. For instance, if two defendants committed burglary, and one could satisfy the jury, that he was entrapped into committing the crime by his co-defendant, he would go scot free." *State v. Jackson,* 243 N.C. 216, 220, 90 S.E. 2d 507, 510.

Defendant's evidence tends to show that he was tricked into going into the Smetana house so that he could be arrested, and that he entered the house without any criminal intent. If this evidence be taken as true, defendant should have been acquitted, not because he was entrapped to commit a crime within the meaning of that term, but because entering the house under such circumstances would not have been wrongful. This is so irrespective of whether the third man was acting as an agent of the police. The court clearly submitted this phase of the case to the jury, instructing them:

"Now, I instruct you that the breaking or entering was not wrongful if it was committed by the defendant under the belief that he was entering the property of someone who was with him and with that person's permission."

The jury was further instructed to find the defendant not guilty if they had a reasonable doubt as to whether he entered the house without Mrs. Smetana's consent and wrongfully. We are of the opinion that the court's instructions gave defendant the benefit of every theory of defense which arose upon the evidence.

No error.

Judges BROCK and MORRIS concur.