STATE OF NORTH CAROLINA v. RALPH LEON HARRIS

No. 7430SC338

(Filed 5 June 1974)

1. Narcotics § 4— sale of marijuana — payment by person not named in indictment

There was no fatal variance between indictment and proof where the indictment charged the sale of marijuana to one person and the evidence showed that a second person wrote a check for the marijuana, that the person named in the indictment took possession of the marijuana, and that requests for the purchase of marijuana were made by both persons on behalf of the person named in the indictment.

2. Criminal Law § 7— failure to instruct on entrapment

In a prosecution for sale of marijuana, the trial court was not required to charge on entrapment where the evidence showed that the buyer acted on his own initiative in requesting and purchasing the marijuana, that only after nine-tenths of the purchased marijuana had been consumed did the buyer contact an SBI agent and turn the marijuana over to him, and that the SBI agent then reimbursed the buyer for his expenses, and there was no evidence tending to show that the SBI agent recruited the buyer for the purpose of inducing defendant to commit a crime.

3. Criminal Law § 114— request for instructions — characterization as "contentions" — expression of opinion

The trial court did not express an opinion on the evidence in characterizing additional instructions requested by defendant as "contentions" rather than "evidence" or "evidence tending to show."

APPEAL by defendant from *Copeland, Judge,* 10 December 1973 Session of Superior Court held in JACKSON County. Argued in the Court of Appeals 8 May 1974.

Defendant was charged in a bill of indictment with "unlawfully, wilfully and feloniously selling and distributing" more than five grams of cannabis (marijuana).

The State's evidence tended to show that on 1 February 1973, Darrell E. Meredith, Jr., and Gary Wayne Michaux went to the defendant's apartment in Dillsboro, North Carolina, where Meredith purchased a "dime bag" of marijuana for $10.00. Michaux wrote a check for the marijuana, but Meredith took possession of the substance.

Meredith testified that he had known defendant for approximately 12 to 18 months during which time they had taken karate classes together and gone to parties together. At one of

these parties, the defendant urged Meredith and Michaux not to condemn marijuana until they had tried it. Thereafter, Meredith and Michaux requested defendant to sell them marijuana on several occasions. After several denials, defendant did inform Meredith he would sell him a quantity of marijuana for $10.00. Defendant sold the marijuana on 1 February 1973 to Meredith, who along with Michaux and defendant, smoked a portion of the purchase at defendant's apartment.

James T. Maxey, a Special Agent for the SBI, testified that he had been acquainted with Meredith for about a year and a half. On 6 February 1973, Meredith gave Maxey an envelope containing about one gram of marijuana, and related to Maxey the events of 1 February 1973. Maxey reimbursed Meredith for his expenses.

The defendant's evidence tended to show that Meredith and Michaux repeatedly approached him requesting a sale of marijuana. Defendant testified that he did not tell Meredith and Michaux that he could get them marijuana at any time, but instead refused their requests. Defendant finally bought some small quantity of marijuana to alleviate persistent annoyances by the two men. Michaux wrote a check for the marijuana, but informed defendant the purchase was for Meredith. Defendant stated this was the only sale of marijuana he had ever made.

Witnesses for the defendant testified that they were acquainted with the defendant and knew his reputation in the community to be good.

From a verdict of guilty and judgment rendered accordingly, defendant appealed to this Court.

*Attorney General Morgan, by Associate Attorney Maddox, for the State.*

*Holt & Haire, by Creighton W. Sossomon, for defendant.*

BROCK, Chief Judge.

[1] Defendant contends the trial court committed error in denying defendant's motion for a directed verdict at the close of State's evidence and at the close of all the evidence. Defendant contends there was a fatal variance between the crime charged in the indictment, the sale of marijuana to Darrell Meredith, and the proof offered of a sale to Gary Michaux.

"In considering a trial court's denial of a motion for judgment of nonsuit, the evidence for the State, considered in the light most favorable to it, is deemed to be true and inconsistencies or contradictions therein are disregarded. (Citations omitted.) Evidence of the defendant which is favorable to the State is considered, but his evidence in conflict with that of the State is not considered upon such motion. (Citations omitted.)" *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866.

The evidence presented by both parties indicates defendant made a sale of marijuana for $10.00. The State's evidence shows that requests for the purchase of marijuana were made by Meredith or Michaux on behalf of Meredith. Even though the check was written by Michaux, the evidence is clear that the purchase was being made by Meredith. In considering the evidence in the light most favorable to the State, the evidence introduced was sufficient for submission of the case to the jury. This assignment of error is overruled.

[2] Defendant contends the trial court committed error in refusing to instruct the jury on the defense of entrapment. Defendant contends the evidence presented was sufficient to require the trial court on its own motion or motion of the defendant to instruct the jury on the elements and consequences of the defense of entrapment.

"Where the offense charged is a crime regardless of the consent of any one, it seems that an essential element of entrapment is that the acts charged as crimes were incited directly or indirectly by officers or agents of the government or state; that it is not entrapment that one has been induced by some other than a person acting for the government or state to commit a crime." *State v. Jackson,* 243 N.C. 216, 90 S.E. 2d 507.

The evidence presented shows, at best, requests by Meredith that defendant sell him a quantity of marijuana. The requests by Meredith were in response to a suggestion by defendant that marijuana should not be condemned until it had been tried. Furthermore, there is no evidence suggesting that Meredith acted as an agent for law enforcement officers. Meredith acted upon his own initiative in meeting the defendant, in requesting the marijuana, and in purchasing the marijuana from defendant. Only after approximately nine-tenths of the purchased marijuana had been consumed did Meredith get in touch with SBI Agent Maxey and turn over the marijuana to Maxey. Although the record shows reimbursement of Meredith by Agent

Maxey, there is no evidence presented which would tend to show that Maxey recruited Meredith for the purpose of inducing defendant to commit a crime.

This assignment of error is overruled.

[3]  Defendant contends the trial court committed error in its instructions to the jury as to character evidence and the elements of the crime charged, and expressed an opinion to the jury by identifying defendant as the party who requested additional instructions characterizing these as "contentions" rather than "evidence."

We have reviewed the entire charge to the jury and find no prejudicial error or erroneous instructions regarding the evidence presented by either side. We do not feel that defendant's argument of the effect upon the jury of the use of the word "contentions" as opposed to "evidence" or "evidence tending to show" bears any validity other than one of semantical differences. The trial court's use of the term "contentions" in the circumstances shown here is not sufficient to intimate to the jury any personal evaluation of the evidence presented. This assignment of error is overruled.

In our opinion, defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and BALEY concur.