STATE OF NORTH CAROLINA v. CATHY BUFF WHISNANT

No. 7725SC977

(Filed 2 May 1978)

1. Criminal Law § 7— entrapment—government agent as entrapper

   North Carolina follows the majority rule that entrapment is a defense only when the entrapper is an officer or agent of the government.

2. Criminal Law § 121— entrapment—failure to give instruction—error

   In a prosecution of defendant for sale and delivery of a controlled substance to an SBI agent, evidence presented by defendant was sufficient to require the trial court to instruct the jury that if a co-worker of defendant was acting as an agent for the SBI agent and she, as such agent, induced defendant to commit the crime charged, the SBI agent would be responsible for her actions and the defense of entrapment would be available to defendant.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 25 May 1977, in Superior Court, CATAWBA County. Heard in the Court of Appeals 30 March 1978.

Defendant pled not guilty to the indictment charging sale and delivery on 28 January 1977 to S.B.I. Agent John G. Prilliman of Phenaphen Number 3 containing codeine, a Schedule III Controlled Substance.

The State's evidence tended to show that defendant for several years had worked as a technician at Catawba Memorial

Hospital. In December, 1976, she called co-worker Rebecca Reynolds and told her that if she (Ms. Reynolds) knew someone who wanted drugs, defendant knew where she could get some. On 26 January 1977 defendant called Ms. Reynolds and asked if she could find anyone who wanted drugs; Ms. Reynolds replied that she had visitors who knew people that wanted drugs. Agent Prilliman came to Ms. Reynolds' apartment two nights later and asked for drugs; Ms. Reynolds called defendant, and gave to her a list of drugs, including Talwin and Phenaphen Number 3, that he wanted. Defendant said she would get the drugs. Ms. Reynolds and Agent Prilliman went to defendant's apartment. Prilliman bought Talwin and Phenaphen Number 3 tablets. Phenaphen was not a Controlled Substance, but because of the codeine in the Phenaphen tablets, the Phenaphen was a Controlled Substance; the Talwin was a prescription drug, but not a Controlled Substance. Defendant gave part of the money to Ms. Reynolds. Ms. Reynolds and her husband subsequently sold Controlled Substances to Agent Prilliman; she agreed to testify for the State in this case when seven of eleven drug charges against her were dropped.

Defendant testified that on the night of 28 January 1977 Ms. Reynolds called, said a friend of her husband needed drugs for pain, and defendant replied that she had some Talwin and Phenaphen tablets that were her own. Ms. Reynolds and Prilliman (introduced as Mr. Williams) came to her apartment, and she agreed to sell the Phenaphen for fifty sents per capsule and the Talwin for a dollar per tablet. Subsequently Prilliman asked her several times for drugs but she refused to get them.

For defendant, a pharmacist testified that Phenaphen was not a Controlled Substance. Several witnesses testified that defendant had a good character.

Defendant was found guilty as charged and appeals from judgment imposing imprisonment of 44 months, but 41 months were suspended for three years' probation.

*Attorney General Edmisten by Associate Attorney Jane Rankin Thompson for the State.*

*Sigmon & Sigmon by W. Gene Sigmon; Lefler, Gordon & Waddell by Lewis E. Waddell, Jr. for defendant appellant.*

CLARK, Judge.

The defendant contends the trial court erred in charging the jury that the defense of entrapment is not available to one who has been induced by some person other than a law enforcement officer.

[1] North Carolina follows the majority rule that entrapment is a defense only when the entrapper is an officer or agent of the government. *State v. Jackson*, 243 N.C. 216, 90 S.E. 2d 507 (1955); *State v. Yost*, 9 N.C. App. 671, 177 S.E. 2d 320 (1970), *cert. den. Yost v. Ross*, 181 S.E. 2d 600 (1971); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848 (1958); *Smith v. State*, 258 Ind. 415, 281 N.E. 2d 803 (1972).

It appears from the decisions in this State that the main purpose of the entrapment defense is to regulate government activity in investigating crimes, crimes that often require no form of specific intent. *State v. Love*, 229 N.C. 99, 47 S.E. 2d 712 (1948).

[2] The State's evidence tended to show that defendant in December initiated the telephone call to Ms. Reynolds and sought buyers for drugs. But on 28 January 1977, Ms. Reynolds called defendant while Agent Prilliman was present, and Prilliman gave her a list of drugs he wanted her to ask defendant to get for him.

On the other hand, defendant's evidence tended to show that she did not call Ms. Reynolds in December, but on the day in question Ms. Reynolds called and said she had a friend who needed drugs for pain. Defendant told Ms. Reynolds she had Talwin and Phenaphen of her own. Then Ms. Reynolds and Agent Prilliman came to defendant's apartment. This evidence tends to show some inducement of defendant by Ms. Reynolds as the agent of Prilliman to commit the crime.

Under these circumstances it was the duty of the trial judge under G.S. 1-180 to apply the law to the evidence by instructing the jury in substance that if Ms. Reynolds was acting as an agent for S.B.I. Agent Prilliman and she as such agent induced the defendant to commit the crime charged, the S.B.I. Agent would be responsible for her actions and the defense of entrapment would be available to defendant. *Sherman v. United States, supra.* The failure to do so was prejudicial error.

We do not treat the other assignments of error since they may not occur on retrial.

The judgment is reversed and we order a

New trial.

Judges BRITT and ERWIN concur.